J-A01030-23

2023 PA Super 106

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  : PENNSYLVANIA
                                                  :
               v.                                 :
                                                  :
                                                  :
                                                  :
JESSIE JAMES                                      :
                                                  :
               Appellant                          : No. 1146 EDA 2022

Appeal from the Judgment of Sentence Entered October 28, 2021
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000040-2018

BEFORE: LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

OPINION BY NICHOLS, J.:                          **FILED JUNE 12, 2023**

Appellant Jessie James appeals from the judgment of sentence imposed after a jury convicted him of possession with intent to deliver (PWID), conspiracy to deliver a controlled substance, possession of a controlled substance (simple possession), and related offenses. Appellant argues that his trial counsel was ineffective. Appellant also claims that the trial court erred in denying his motion to amend his post-sentence motion to add a claim of after-discovered evidence. Lastly, Appellant challenges the sufficiency and the weight of the evidence. Following our review, we affirm the judgment of sentence in part, and vacate in part as to the sentence for simple possession.

The trial court summarized the underlying facts and procedural history in this case as follows:

> Appellant was identified as a subject selling cocaine and other controlled substances following an investigation conducted by Officer Matthew Schwarz of the Jim Thorpe Police Department and

other members of the Carbon County Drug Task Force. Arrangements were made for a confidential informant, later identified as Jeremy Rawlins [(the CI)], to make a controlled purchase of cocaine from Appellant near his residence situated at 75 Bear Creek Drive, Jim Thorpe, Carbon County, Pennsylvania. [The CI] contacted Appellant via telephone to arrange controlled purchases of cocaine which took place on September 13, 2017, and September 20, 2017, near Appellant's residence. Agent Kirk Schwartz, then-Carbon County Drug Task Force Coordinator, and other officers observed these controlled purchases and performed field tests which indicated the presence of cocaine from the September 13, 2017 purchase and suspected counterfeit cocaine from the September 20, 2017 purchase. Subsequent lab analysis identified the substance from the September 13, 2017 purchase as cocaine, but did not identify the composition of the substance from the September 20, 2017 purchase. Arrangements were then made for [the CI] to purchase Percocet tablets from Appellant on November 16, 2017. On that date, Appellant was taken into custody before the transaction took place based on the September 13, 2017 and September 20, 2017 controlled purchases.

Appellant was charged with three counts of [PWID], (35 P.S. § 780-113(a)(30)); [and one count each of] [simple possession] (35 P.S. § 780-113(a)(16)); [conspiracy] (18 Pa.C.S. § 903); and criminal use of communication facility (18 Pa.C.S. § 7512(a)).

On August 18, 2020, Appellant filed an "Omnibus Pretrial Motion," which included a *habeas corpus* motion challenging the sufficiency of the evidence supporting the charges, a motion to disclose the identity of the confidential informant, a motion to compel discovery, and a reservation of rights to file supplemental pre-trial motions. On October 6, 2020, we entered an order granting Appellant's *habeas corpus* motion as to count four - [PWID] pertaining to the attempted controlled purchase on November 16, 2017, and dismissing that charge, denying the *habeas corpus* motion in all other respects, and dismissing the remaining motions as moot. [Order, 10/6/20].

Following a jury trial held on June 10-11, 2021, Appellant was found guilty on all five remaining counts. [On July 27, 2021, the trial court appointed new counsel to represent Appellant because of a conflict of interest in the Public Defender's Office.] On October 28, 2021, Appellant was sentenced to a period of incarceration in a State Correctional Institution of not less than

eighteen months nor more than sixty months.[1]   [Order, 10/28/21].

On November 7, 2021, Appellant filed post-sentence motions which included an acquittal motion, a motion for a new trial based upon the weight of the evidence, and a motion for a new trial based upon ineffective assistance of counsel.  Appellant requested that this court: (1) enter a judgment of acquittal for the charges contained in count two - delivery of a controlled substance pertaining to the controlled purchase on September 20, 2017, and count five - conspiracy to deliver a controlled substance, arguing that the Commonwealth failed to prove that Appellant delivered a controlled substance on that date and that Appellant participated in a conspiracy because the alleged co-conspirator was a confidential informant; and (2) vacate his sentence and order a new trial, arguing that the verdict was against the weight of the evidence and that Alexandria J. Crouthamel, Esquire, rendered ineffective assistance of counsel at trial.  [Appellant's Post-Sentence Mot., 11/7/21].

On February 2, 2022, Appellant filed a "Motion for Leave to File an Amended Post-Sentence Motion Asserting Racial Bias and Permitting Defendant to Submit a Juror's Affidavit and Statement."  Appellant requested that this court: (1) grant him leave to file an amended post-sentence motion alleging juror misconduct based on racial bias and premature deliberations; and (2) grant him leave to submit a juror's affidavit and testimony concerning juror misconduct.  Appellant's request was based on defense counsel's communication with Lonnie Hird,[2] who served as an alternate juror during Appellant's trial, who stated that members of the principal jury made purported racist comments

---

[1] Specifically, the trial court sentenced Appellant to concurrent terms of eighteen to sixty months' incarceration for count one, PWID cocaine, eighteen to sixty months' incarceration for count two, PWID cocaine, sixteen to sixty months' incarceration for count three, simple possession of cocaine, eighteen to sixty months' incarceration for count five, conspiracy, and eighteen to sixty months' incarceration for count six, criminal use of a communication facility. *Id.*; *see also* N.T. Sentencing Hr'g, 10/28/21, at 8-9.

[2] Throughout the record, Hird's first name is spelled both Lonnie and Lonney. For consistency, we use the same spelling as the trial court.

pertaining to Appellant being African-American during the course of the trial. [Mot. to Amend, 2/2/22].

On March 18, 2022, we entered an order denying Appellant's motion for leave to amend finding that a decision on the proposed supplemental motion could not be made in compliance with the time limits of Pa.R.Crim.P. 720(B)(3), noting that Mr. Hird was an alternate juror who did not participate in deliberations with the principal jurors and did not communicate any concerns relative to any comments of his fellow jurors until seven months after the trial had concluded. [Order, 3/18/22]. That same day, Appellant filed a "Motion to Submit the Affidavit of Lonnie Hird to Supplement the Record on Appeal". On April 1, 2022, we entered an order denying that motion.

Trial Ct. Op., 6/13/22, at 1-5 (formatting altered).

On April 6, 2022, the trial court issued an order granting in part, and denying in part Appellant's post-sentence motion. Specifically, the trial court concluded that the evidence was insufficient to sustain Appellant's conviction at count two, PWID, and vacated that conviction. Trial Ct. Order, 4/6/22, at 1. The trial court denied Appellant's motion in all other respects. *Id.* at 3.

Appellant subsequently filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

1. Did the trial court err in denying Appellant's claim of ineffectiveness of trial counsel arising from trial counsel's failure to object to and/or request a mistrial during and immediately after testimony of a Commonwealth witness, a confidential informant, who testified to prior, remote instances of Appellant engaging in uncharged and unrelated sales of crack cocaine?

2. Did the trial court err in denying Appellant's motion to amend post-sentence motion on the basis of after-discovered evidence of juror misconduct, premature deliberations and racial bias and animus?

3. Did the trial court err in denying Appellant's request for judgment of acquittal on the charge of conspiracy to delivery a controlled substance where a Commonwealth confidential informant, could not, as a matter of law, possess a shared criminal intent with Appellant?

4. Did the trial court err in not ordering a new trial on the basis that the verdicts of guilty on all counts were against the great weight of the evidence?

Appellant's Brief at 5 (some formatting altered).

**Ineffective Assistance of Counsel**

In his first claim, Appellant argues that his trial counsel, Alexandria J. Crouthamel, Esq. (trial counsel), was ineffective for failing to object to the admission of "prior bad acts" evidence at trial. Appellant's Brief at 15-16. Appellant argues that this Court may address his claim on direct appeal because trial counsel's "ineffectiveness was apparent on the record, was [discrete] and would have served the interests of justice by addressing it immediately since he was within weeks of his parole eligibility date." *Id.* at 11-12.

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (Pa. 2013). Instead, such claims are to be deferred to PCRA review. *Id.* However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate

consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. *Id.* at 563-64. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).[3]

Here, Appellant argues that he met the "meritorious and apparent from the record" exception as stated in *Holmes*. In rejecting Appellant's claim, the trial court explained:

> The "meritorious and apparent from the record" exception is limited to exceptional circumstances. *Holmes*, 79 A.3d at 57[7]. In an unpublished decision, the Superior Court defined the exception as follows: "[A]n extraordinary circumstance is one where counsel's ineffectiveness is so blatant and 'so shocking to the judicial conscience' that there is no need for a hearing and the court is compelled to grant relief." *Commonwealth v. Alford*, No. 1052 WDA 2020, 2021 WL 2907814, at *4 (Pa. Super. Jul. 9, 2021) [(citations omitted)].[4] While the trial court retains

_____

[3] We acknowledge that there is an additional circumstance in which a defendant may raise an ineffectiveness claim outside of a PCRA petition. This occurs where a defendant alleges PCRA counsel's ineffectiveness in connection with a first PCRA petition. In that situation, the defendant may challenge PCRA counsel's ineffectiveness at the first opportunity, even if on appeal. *See Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). However, in the instant case, Appellant has not pursued PCRA relief and has not been represented by PCRA counsel. Therefore, *Bradley* is inapplicable to Appellant's case, which is on direct appeal. *See id.*

[4] Non-precedential decisions of this Court that were filed after May 1, 2019 may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

discretion to address ineffectiveness claims on post-sentence motions, "the presumption weighs heavily in favor of deferring such claims to collateral review." **Commonwealth v. Knox**, 165 A.3d 925, 928 (Pa. Super. 2017). We find that Appellant's ineffectiveness claim does not rise to the level of an extraordinary circumstance warranting immediate review.

Trial Ct. Op. at 7-8 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court in declining to consider Appellant's ineffectiveness claim on direct appeal. **See Commonwealth v. Green**, 204 A.3d 469, 487 (Pa. Super. 2019). As noted by the trial court, Appellant's ineffectiveness claims were not apparent from the record or meritorious, and they did not rise to the level of requiring immediate consideration in the interests of justice.[5] **See Holmes**, 79 A.3d at 563, 577.

Therefore, we conclude that Appellant's ineffectiveness claim cannot be considered on direct appeal, and we dismiss these claims without prejudice to Appellant's right to raise them in a timely filed PCRA petition.

### Motion to Amend

In his next issue, Appellant argues that the trial court erred in denying his motion to amend his post-sentence motion to include a claim of after-discovered evidence. Appellant's Brief at 27. Specifically, Appellant refers to

---

[5] We note that although Appellant only raises the "meritorious and apparent from the record" exception, the trial court also concluded that the remaining exceptions were inapplicable. **See** Trial Ct. Op. at 7. Following our review of the record, there is no indication that Appellant waived his right to file a PCRA nor is he statutorily precluding from obtaining subsequent PCRA review. **See Holmes**, 79 A.3d at 564, 578; **see also Delgros**, 183 A.3d at 361.

- 7 -

a statement from alternate juror Lonnie Hird, who allegedly overheard comments from other jurors that showed racial bias and "called into question the integrity of the verdict." *Id.* at 28-29, 35. Appellant asserts that although trial counsel attempted to contact Mr. Hird after sentencing, Mr. Hird did not respond to counsel until late January of 2022. *Id.* at 28. Appellant argues that he complied with Pa.R.Crim.P. 720(C) by promptly raising his claim on February 2, 2022. *Id.* at 28. Therefore, Appellant concludes that the trial court erred in denying his motion to amend the post-sentence motion and that he is entitled to a new trial or a remand for counsel to present the affidavit and testimony from Mr. Hird. *Id.* at 34-35.

This Court has held that trial courts have "discretion to allow the filing of supplemental post-sentence motions." *Commonwealth v. Robinson*, 834 A.2d 1160, 1168 n.4 (Pa. Super. 2003) (citation omitted); *see also* Pa.R.Crim.P. 720(B)(1)(b). Therefore, we review the trial court's denial of Appellant's request for leave to amend his post-sentence motion for an abuse of discretion. *See generally Commonwealth v. Gill*, 206 A.3d 459, 466 (Pa. 2019) (explaining that an appellate court should not disturb a trial court's discretionary ruling absent an abuse of that discretion).

This Court has explained that

> [a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Belknap*, 105 A.3d 7, 10 (Pa. Super. 2014) (citations omitted and some formatting altered); *see also Gill*, 206 A.3d at 466-67.

Rule 720 provides, in relevant part:

**(B) Optional Post-Sentence Motion.**

(1) *Generally.*

\*     \*     \*

(b) The defendant may file a supplemental post-sentence motion in the judge's discretion as long as the decision on the supplemental motion can be made in compliance with the time limits of paragraph (B)(3).

\*     \*     \*

(3) *Time Limits for Decision on Motion.*  The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.

(a) Except as provided in paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion.  If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.

(b) Upon motion of the defendant within the 120-day disposition period, for good cause shown, the judge may grant one 30-day extension for decision on the motion.  If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law.

\*     \*     \*

**(C) After-Discovered Evidence.**  A post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery.

Pa.R.Crim.P. 720(B)(1)(b), (B)(3)(a)-(b), (C).

Here, the trial court addressed Appellant's claim as follows:

[FN1] Appellant's timely post-sentence motion was filed on November 7, 2021. Therefore, a decision on that motion was required to be filed no later than March 7, 2022. Appellant's motion for leave to amend was filed on February 2, 2022. A hearing on both the motion for leave to amend and the initial post-sentence motion was held on February 17, 2022. During that hearing, Appellant made an oral motion for a thirty (30) day extension of the one hundred twenty (120) day time limit for rendering a decision on his post-sentence motion. We granted that oral motion which extended the time for the court's decision until April 6, 2022. Following a teleconference with counsel on March 15, 2022 discussing the logistics of a potential hearing on an amended post-sentence motion, our decision to deny Appellant's motion for leave to amend was based on both the limited time remaining to dispose of the post-sentence motion and the issues with scheduling and coordinating a lengthy hearing including the testimony of at least fourteen (14) witnesses within the allotted time frame.

\*   \*   \*

Pursuant to Pa.R.Crim.P. 720(B)(3)(a), a post-sentence motion must be decided within one-hundred-and-twenty days of the date of filing unless, for good cause shown, the court grants a thirty day extension for such decision in accordance with Pa.R.Crim.P. 720(B)(3)(b). **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003). As previously noted, we denied Appellant's motion for leave to amend finding that a decision on the proposed supplemental motion could not be made in compliance with the time limits of Pa.R.Crim.P. 720(B)(3).

Trial Ct. Op. at 5 n.1, 10-11.

Following our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's motion to amend his post-sentence motion. **See Belknap**, 105 A.3d at 10; **see also Gill**, 206 A.3d at 466-67. When Appellant filed his motion to amend the post-sentence motion on

February 2, 2022, the trial court had thirty-three days to rule on the post-sentence motion. **See** Pa.R.Crim.P. 720(B)(3)(a). Following a hearing on February 17, 2022, the trial court granted Appellant's request to extend the court's deadline for an additional thirty days. **See** Pa.R.Crim.P. 720(B)(3)(b). However, after a conference with counsel, the trial court concluded that it could not decide Appellant's proposed after-discovered evidence claim within the timeframe allowed by Rule 720. **See** Trial Ct. Op. at 5 n.1, 10-11. In reaching that conclusion, the trial court explained that such a hearing would involve the testimony of at least fourteen witnesses, *i.e.*, Mr. Hird and the other thirteen jurors from Appellant's trial, which could not be completed before the extended deadline. **See id.** at 5 n.1. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to amend his post-sentence motion. **See** Pa.R.Crim.P. 720(B)(1)(b). Therefore, Appellant is not entitled to relief on this issue.[6]

## Sufficiency of the Evidence

In his next issue, Appellant argues that the trial court erred in denying his motion for acquittal because there was insufficient evidence to support his conspiracy conviction. Appellant's Brief at 35-36. Specifically, Appellant argues that because his alleged co-conspirator was a CI, the CI "could not, by definition, share criminal intent with the Appellant for purposes of the crime

---

[6] Although we find that Appellant is not entitled to relief on direct appeal, our conclusion does not preclude Appellant from raising claims regarding his discovery of possible juror misconduct in a timely filed PCRA petition.

of criminal conspiracy, which requires shared criminal intent." *Id.* at 35. In support, Appellant relies on the dissenting statement in *Woodson*, an unreported decision in which the dissent stated that Pennsylvania continues to follow the "bilateral" approach to conspiracy. *Id.* at 37 (citing *Commonwealth v. Woodson*, No. 1378 MDA 2011, 2013 WL 11282822, at *3 (unpublished mem.) (Pa. Super. filed Mar. 12, 2013) (Fitzgerald, J., dissenting)). Further, Appellant argues that although Section 904(a) states that a co-conspirator's irresponsibility or immunity from prosecution is immaterial to a defendant's guilt for conspiracy, there was no evidence that the CI "was irresponsible or was granted immunity from prosecution." *Id.* Therefore, Appellant concludes that the Commonwealth failed to present sufficient evidence to prove conspiracy.

In reviewing Appellant's claim, our standard of review is as follows:

A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge. Therefore, in usual circumstances, we apply the following standard of review to sufficiency claims which arise in the context of a motion for judgment of acquittal:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most

favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Stahl***, 175 A.3d 301, 303-04 (Pa. Super. 2017) (citations omitted and formatting altered). "In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." ***Commonwealth v. Fabian***, 60 A.3d 146, 150-51 (Pa. Super. 2013) (citation omitted).

To the extent that Appellant's claim requires us to interpret a statute, that raises a question of law. ***See Commonwealth v. Andrews***, 173 A.3d 1219, 1221 (Pa. Super. 2017). Therefore, our scope of review is plenary, and our standard of review is *de novo*. ***Id.***

This Court has explained:

When interpreting a statute, this Court must apply the Statutory Construction Act of 1972. ***See*** 1 Pa.C.S. §§ 1501-1991. The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature and give effect to all of the provisions of the statute. 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Generally, a statute's plain language provides the best indication of legislative intent. In reading a statute's plain language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage, while any words or phrases that have acquired a peculiar and appropriate meaning must be construed according to that meaning.

***Id.*** (some citations omitted and formatting altered).

Section 903 of the Crimes Code provides that "[a] person is guilty of conspiracy with another person . . . to commit a crime if with the intent of

- 13 -

promoting or facilitating its commission he agrees with such other person . . . that they or one or more of them will engage in conduct which constitutes such crime[.]" 18 Pa.C.S. § 903(a)(1). Additionally, "[n]o person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired." 18 Pa.C.S. § 903(e).

Section 903(a) is taken verbatim from Model Penal Code § 5.03(1). **Compare** 18 Pa.C.S. § 903(a), **with** Model Penal Code § 5.03(1). The comment to Section 5.03 of the Model Penal Code states, in relevant part:

> Guilt as a conspirator is measured by the situation as the actor views it; he must have the purpose of promoting or facilitating a criminal offense, and with that purpose must agree (or believe that he is agreeing) with another that they will engage in the criminal offense or in solicitation to commit it.

Model Penal Code § 5.03 cmt.

Further, this Court has held that "the express language of the [Pennsylvania conspiracy] statute does not require that an alleged co-conspirator be charged or convicted of the conspiracy." **Commonwealth v. Fremd**, 860 A.2d 515, 521 (Pa. Super. 2004). Indeed, Pennsylvania courts have concluded that "the path of prosecution, or non-prosecution, of a defendant's alleged co-conspirator(s) is irrelevant as to the prosecution of the defendant" and instead, "all that is required is proof of the elements of conspiracy, one of which is that the defendant conspired with one or more persons to commit or plan a crime." **Id.** at 521-22.

Section 904(a) of the Pennsylvania Crimes Code codifies two scenarios that are immaterial to a defendant's liability for solicitation or conspiracy. Specifically, the statute provides:

> **(a) General rule.—**Except as provided in subsection (b) of this section, it is immaterial to the liability of a person who solicits or conspires with another to commit a crime that:
>
> (1) he or the person whom he solicits or with whom he conspires does not occupy a particular position or have a particular characteristic which is an element of such crime, if he believes that one of them does; or
>
> (2) the person whom he solicits or with whom he conspires is irresponsible or has an immunity to prosecution or conviction for the commission of the crime.

18 Pa.C.S. § 904.

Section 904 is derived from Model Penal Code § 5.04. *Compare* 18 Pa.C.S. § 904, *with* Model Penal Code § 5.04. The comment to Section 5.04 of the Model Penal Code states, in relevant part:

> Subsection [(a)] provides for two contingencies that are made immaterial to liability for solicitation or conspiracy. Paragraph [(a)(1)] deals with offenses that can be committed only by a person who occupies a particular position or has a particular characteristic. The failure of the actor or the person whom he solicits or with whom he conspires to occupy the position or have the characteristic is immaterial if he believes that one of them does and that the offense will thereby be committed. Paragraph [(a)(2)] provides a similar result in cases where the person solicited or the person with whom the actor conspires has a defense of irresponsibility or immunity that he can assert. **Consistent with the [Model Penal] Code approach to conspiracy and solicitation, the actor's liability is not affected by these factors, which are extraneous to his culpability.**

Model Penal Code § 5.04 cmt (emphasis added).

Several other states have enacted conspiracy statutes that are based on Model Penal Code § 5.04. *See, e.g.*, Ind. Code § 35-41-5-2(c)(5) (providing, in part, that "[i]t is no defense that the person with whom the accused person is alleged to have conspired . . . cannot be prosecuted for any reason");" N.Y. Penal Law § 105.30 (reflecting that "[i]t is no defense to a prosecution for conspiracy that . . . one or more of the defendant's co-conspirators could not be guilty of conspiracy or the object crime"); N.J. Rev. Stat. § 2C:5-3(a)(2) (stating that it is immaterial whether "[t]he person with whom [the defendant] conspires is irresponsible or has an immunity to prosecution or conviction"); Ariz. Rev. Stat. § 13-304(1) (same); Colo. Rev. Stat. § 18-2-205(1)(b) (same). Like Section 904, none of these statutes explicitly mention government agents or law enforcement officers.

Additionally, in Model Penal Code jurisdictions, state courts have held that a defendant can be found guilty of conspiracy even if the defendant only entered into a conspiracy with police officers and/or police informants.[7] *See e.g. Garcia v. State*, 394 N.E.2d 106, 108-10 (Ind. 1979) (affirming the defendant's conviction for conspiracy where the defendant's co-conspirator was a police informant because "the absence of criminal culpability on the part of a co-conspirator including a sole co-conspirator" was not a defense to

---

[7] This Court may consider the decisions of other states as persuasive authority. *See Commonwealth v. Lang*, 275 A.3d 1072, 1083 (Pa. Super. 2022).

conspiracy under the Indiana statute); ***People v. Vecellio***, 292 P.3d 1004, 1010 (Colo. App. 2012) (affirming the defendant's conspiracy conviction and concluding that "because the unilateral approach requires only that the defendant agree to proceed in a prohibited manner, the fact that the other party is an undercover police officer is irrelevant" (citation omitted)); ***State v. Roldan***, 714 A.2d 351, 355 (N.J. Super. Ct. App. Div. 1998) (applying the New Jersey statute and concluding that "[u]nder this unilateral approach to conspiratorial liability, a person may be guilty of conspiracy even though the other party to the criminal agreement is an undercover police officer or police informant who has no intention of actually committing a crime"); ***People v. Schwimmer***, 411 N.Y.S.2d 922, 923-28 (N.Y. App. Div. 1978) (concluding that the defendant could "be found guilty of conspiracy even though neither [the undercover New York City police officer] nor [the police informant] possessed the prescribed mental state required for the commission of conspiracy or the object crimes").

Here, in its Rule 1925(a) opinion, the trial court addressed Appellant's sufficiency-of-the-evidence claim as follows:

> Appellant argues that [the CI], who acted as an agent for the police, is not a person who shares a criminal intent to commit a crime as contemplated within the statute. While there is limited caselaw on this particular subject, the Superior Court in an unpublished decision held that there was sufficient evidence to uphold a conspiracy conviction where a defendant agreed to deliver cocaine to a confidential informant and then delivered said cocaine, and reiterated that the statute does not require that all

parties have criminal intent. [**Woodson**, 2013 WL 11282822, at *2-3.[8]]

[Here, the CI] testified that he made arrangements via telephone to meet Appellant to purchase cocaine on September 13, 2017 and September 20, 2017. Agent Schwartz testified that he and other officers observed Appellant at these controlled purchases. We find that the record contains sufficient evidence to support the charge of conspiracy against Appellant. Therefore, we find that this court did not err in denying Appellant's motion for judgment of acquittal on the charge of conspiracy to deliver a controlled substance.

Trial Ct. Op. at 15-16.

Following our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain Appellant's conviction for conspiracy to commit PWID. **See Stahl**, 175 A.3d at 303-04; 18 Pa.C.S. § 903(a). As noted by the trial court, the Commonwealth presented evidence establishing that Appellant and the CI arranged to meet for the sole purpose of committing PWID and that Appellant committed the overt act of providing cocaine to the CI in exchange for currency. **See Commonwealth v. Johnson**, 180 A.3d 474, 479 (Pa. Super. 2018).

Finally, insofar as Appellant argues that he cannot be convicted of conspiracy because his co-conspirator was a CI, we disagree. We recognize

---

[8] We note that **Woodson** is an unpublished decision by this Court that was filed prior to May 1, 2019. Therefore, the case is not only non-precedential, but may not be cited or relied upon for its persuasive value. **See, e.g.**, **Commonwealth v. Finnecy**, 249 A.3d 903, 910 n.9 (Pa. 2021); Pa.R.A.P. 126(b).

that there are no Pennsylvania decisions specifically addressing the circumstances present in the instant case. However, although Pennsylvania has not explicitly adopted the unilateral approach to conspiracy, our statutes and case law clearly reflect that the Commonwealth can prove a defendant's guilt for conspiracy without establishing the co-conspirator's guilt. **See Fremd**, 860 A.2d at 521; **see also** 18 Pa.C.S. § 904(a)(2). In any event, the record reflects that Appellant and the CI entered an agreement to commit PWID and actually completed that transaction by exchanging cash for cocaine. Therefore, to the extent the CI had other intentions aside from the parties' shared criminal purpose, that does not affect Appellant's conviction for conspiracy. Accordingly, Appellant is not entitled to relief on this claim.

## Weight of the Evidence

In his final issue, Appellant argues that his guilty verdicts were against the weight of the evidence. Appellant's Brief at 39. In support, Appellant contends that the evidence presented at trial came from the Commonwealth's CI, who was a "corrupt source" and an "admitted drug addict and thief." **Id.** Appellant further claims that the only other witness to the drug transactions was the Commonwealth's Agent Schwartz, who "stated that he did not personally observe the first and second transactions take place." **Id.** Appellant concludes by arguing that the accounts provided by the CI and Agent Schwartz diverged on key matters including "time, location and chain-of-custody of material physical evidence" and that Appellant's verdicts shocked the conscience. **Id.** at 40-41.

In reviewing Appellant's claim, our standard of review is as follows:

A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014) (citation omitted and formatting altered).

This Court further explained that

[a] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.

*Id.* (citation omitted).

Here, the trial court addressed Appellant's claim as follows:

In a similar case where a defendant was convicted of delivering cocaine based on the testimony of a [CI] and the trial court denied the defendant's motion for a new trial based upon the weight of the evidence, the Superior Court held that "[t]he jury was free to

- 20 -

make credibility determinations and accept or reject [the CI's] testimony, and all the other testimony, as it chose." **Commonwealth v. West**, 937 A.2d 516, 522 (Pa. Super. 2007). Here, we do not find that the jury's verdict is so contrary to the evidence as to shock our sense of justice. Therefore, we find that this court did not err in denying Appellant's motion for a new trial based upon the weight of the evidence.

Trial Ct. Op. at 17-18.

Following our review of the record, we discern no abuse of discretion by the trial court in rejecting Appellant's weight claim. **See Landis**, 89 A.3d at 699. The jury was free to believe all, part, or none of the witness testimony, and was entitled to make credibility determinations regarding the CI and Agent Schwartz. **See id.**; **West**, 937 A.2d at 522. We will not disturb the trial court's credibility determinations on appeal. Therefore, Appellant is not entitled to relief on this issue.

**Merger**

Finally, we must address whether Appellant's sentences for simple possession and PWID should have merged for sentencing purposes. Although Appellant did not raise this issue on appeal, we may address this issue *sua sponte*. **See Commonwealth v. Watson**, 228 A.3d 928, 941 (Pa. Super. 2020) (holding that questions concerning merger implicate the legality of a sentence, and this Court may address such issues *sua sponte*); **see also Commonwealth v. Tucker**, 143 A.3d 955, 960 (Pa. Super. 2016) (stating that "[a]n illegal sentence must be vacated" (citation omitted)).

When reviewing the legality of a sentence, "our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Tighe***, 184 A.3d 560, 584 (Pa. Super. 2018) (citations omitted).

Section 9765 of the Sentencing Code provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

This Court has explained that "[t]he statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Commonwealth v. Martinez***, 153 A.3d 1025, 1030 (Pa. Super. 2016) (citations omitted).

The crimes of simple possession and PWID are defined as follows:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> \* \* \*
>
> (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.
>
> \* \* \*
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act,

> or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(16), (30).

As this Court recently reiterated, a conviction for simple possession should merge with a conviction for PWID for sentencing purposes when "both charges stemmed from the same act of possession." *Commonwealth v. Knupp*, 290 A.3d 759, 777 (Pa. Super. 2023) (quoting *Commonwealth v. Murphy*, 592 A.2d 750, 753 (Pa. Super. 1991)).

Instantly, Appellant was charged with PWID and simple possession at counts one and three based on allegations that Appellant possessed cocaine on September 13, 2017. *See* Criminal Information, 2/6/18, at 1. Therefore, because both charges stemmed from the same act, Appellant's conviction for simple possession should have merged with his PWID conviction for sentencing purposes. *See Knupp*, 290 A.3d at 777; *see also Martinez*, 153 A.3d at 1030. Accordingly, we are constrained to vacate the sentence imposed for simple possession. *See, e.g.*, *Tucker*, 143 A.3d at 967-68 (affirming the defendant's convictions but vacating an illegal sentence). Further, we note that because the trial court imposed a concurrent sentence for the simple possession conviction, our disposition does not upset the trial court's overall sentencing scheme. Therefore, it is not necessary to remand this matter for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006).

For these reasons, we affirm Appellant's convictions, vacate the sentence imposed for simple possession, and affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part, and vacated in part as to the sentence imposed for simple possession.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2023