J-S31035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHAN BURSE | : | |
| | : | |
| Appellant | : | No. 2791 EDA 2024 |

Appeal from the Judgment Entered October 10, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001613-2023

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 3, 2025**

Appellant Stephan Burse appeals from the judgment of sentence imposed after he was convicted of institutional sexual assault.[1] Appellant challenges the sufficiency of the evidence. We affirm.

The trial court summarized the facts of this case as follows:

At trial, the Commonwealth presented the testimony of Corporal Matthew Rossiter of the PA State Police, and several exhibits, including cell phone video of the incident and [the audio recording of] Appellant's statement to investigators. Appellant did not testify but presented character evidence. The relevant facts are as follows:

Corporal Rossiter testified that, in December of 2022, he was tasked with investigating allegations of sexual misconduct between Appellant, then an employee of Gaudenzia DRC, a halfway house in Philadelphia, and Leon Fulton, an inmate/resident at that facility. Corporal Rossiter interviewed Fulton and Andrea Harris, the Deputy Director of Operations at Gaudenzia. He also secured cell phone video of the alleged

_____

[1] 18 Pa.C.S. § 3124.2(a).

incident. The video, which was taken with Fulton's cell phone, depicted Appellant performing oral sex on Fulton inside Appellant's office at Gaudenzia DRC. According to Corporal Rossiter, the digital stamp of the video confirmed the interaction between Appellant and Fulton occurred on or about December 13, 2022. (N.T., 5/9/24, pp. 11-25, 29-38; Commonwealth Exhibits C-2, C-3[, C-7A, and C-7B]).

Corporal Rossiter met with and interviewed Appellant on January 13, 2023. Appellant was read his *Miranda*[2] warnings prior to the interview and voluntarily agreed to give a detailed statement. In that statement, Appellant admitted having sexual contact with Fulton once in November and once in December of 2022. Appellant claimed that Fulton threatened to file false allegations of sexual misconduct against Appellant if he did not provide Fulton with oral sex. At the conclusion of the interview, Corporal Rossiter formally arrested Appellant. (N.T., 5/9/24, pp. 25-28, 38-4[4]; Commonwealth Exhibits C-4 and C-6).

Trial Ct. Op., 3/11/25, at 2.

The trial court also summarized the procedural history as follows:

On May 9, 2024, this court, sitting without a jury, found Appellant guilty as charged. The court deferred Appellant's sentencing hearing and ordered a pre-sentence investigation (PSI) and mental health evaluation. On October 10, 2024, the court sentenced Appellant to three (3) years of reporting probation and directed him to undergo sex-offender treatment and register as a Tier II sex-offender.[fn2]

> [fn2] The [trial] court initially sentenced Appellant on August 15, 2024. However, due to restrictions on transferring supervision of a Megan's Law case to another state (New Jersey), the court had to vacate its original sentence to allow Appellant to either establish residency in Pennsylvania before transferring supervision to New Jersey or have Appellant designated as a Megan's Law offender before re-sentencing him.

*Id.* at 1.

_____

2 *Miranda v. Arizona*, 384 U.S. 436 (1966).

Appellant did not file any post-sentence motions but did file a timely notice of appeal. Both Appellant and the trial court complied with Rule 1925.

On appeal, Appellant raises a single issue for our review:

Did the trial court commit legal error when it held that the evidence in this matter is legally sufficient to convict defendant/appellant . . . where the Commonwealth failed to establish beyond a reasonable doubt that appellant/defendant did not act with justification and as a result of duress, thereby violating the Supreme Court's decision in [**Commonwealth v. Torres**, 766 A.2d 342 (Pa. 2001)]?

Appellant's Brief at 4.[3]

Appellant argues that "the evidence presented at trial fails to establish beyond a reasonable doubt that his actions were not the result of duress – and therefore not criminal . . . ." **Id.** at 14. Specially, Appellant contends that "Fulton employed 'unlawful force' when he threatened to commit an illegal act – false report of a sex crime – in order to exert pressure on" Appellant to perform oral sex on Fulton. **Id.** at 24; **see also id.** at 14, 18, 22-25 (reflecting Appellant's claim that he told the police that Fulton threatened to make a false report of sexual assault against Appellant). Appellant notes that our Supreme Court has explained that "under Section 309, unlike under the common law rule, the force or threatened force does not need to be of present and

_____

[3] In his Rule 1925(b) statement, Appellant included two additional claims concerning the weight of the evidence and a violation of his constitutional right to confront his accuser. However, because Appellant did not include these claims in his brief, they are abandoned on appeal and therefore waived. **See** Pa.R.A.P. 2116(a); **see also Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned a claim on appeal).

- 3 -

impending death or serious bodily injury." ***Id.*** at 24 (citing ***Commonwealth v. DeMarco***, 809 A.2d 256, 261-62 (Pa. 2002)). Appellant contends that the Commonwealth cannot sustain its burden to disprove an affirmative defense solely with the fact-finder's disbelief of the defendant's claim. ***Id.*** at 30-33 (citing ***Torres***, 766 A.2d at 345). Therefore, Appellant concludes that the trial court erred by convicting Appellant after finding Appellant's claim of duress was not credible. ***Id.***; ***see also id.*** at 15, 19, 22, 27.

"A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Commonwealth v. James***, 297 A.3d 755, 764 (Pa. Super. 2023) (citations omitted and formatting altered), *appeal denied*, 309 A.3d 691 (Pa. 2023).

Specifically, we must determine

whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime . . . by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the

- 4 -

weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Graham***, 81 A.3d 137, 142 (Pa. Super. 2013) (citation omitted).

A person is guilty of institutional sexual assault if the person "is an employee or agent of the Department of Corrections" and "engages in sexual intercourse, deviate sexual intercourse or indecent contact with an inmate, detainee, another person being supervised by that person . . . ." 18 Pa.C.S. § 3124.2(a).

"Duress is a defense to criminal culpability." ***Commonwealth v. Markman***, 916 A.2d 586, 606 (Pa. 2007) (citation omitted).

The defense of duress is codified in the Crimes Code as follows:

**(a) General rule.**—It is a defense that the actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist.

**(b) Exception.**—The defense provided by subsection (a) of this section is unavailable if the actor recklessly placed himself in a situation in which it was probable that he would be subjected to duress. The defense is also unavailable if he was negligent in placing himself in such a situation, whenever negligence suffices to establish culpability for the offense charged.

18 Pa.C.S. § 309.

Our Supreme Court has noted that "[t]he Crimes Code defines duress in terms physical coercion[]" when discussing Section 309. ***See Commonwealth v. King***, 57 A.3d 607, 621 n.14 (Pa. 2012). Further, the

*King* Court held, in the context of a claim of ineffective assistance of counsel, that the defendant was not entitled to present a defense of duress. *See id.* at 621-22. Specifically, the Court explained that although the defendant had presented expert testimony that she was emotionally dependent on co-defendant and she feared abandonment, because the defendant was not "physically afraid" of the co-defendant, the defendant had not shown that the co-defendant had used or threatened to use "unlawful force against [the defendant's] person." *Id.*

Additionally, in *DeMarco*, our Supreme Court discussed the difference between duress as defined in Section 309 and the common law rule. *See DeMarco*, 809 A.2d at 261-62. Specifically, the Court explained that

> to establish the duress defense under Section 309, unlike under the common law rule, the force or threatened force does not need to be of present and impending death or serious bodily injury. Instead, the relevant inquiry under Section 309 is whether the force or threatened force was a type of unlawful force that "a person of reasonable firmness **in [the defendant's] situation** would have been unable to resist." *Id.* (emphasis added). . . . [I]n making its determination, the trier of fact must consider "stark, tangible factors, which differentiate the [defendant] from another, like his size or strength or age or health." Model Penal Code § 2.09 cmt. at 7 (Tent. Draft No. 10, 1960).

*Id.* at 262 (emphasis in original).

"While there is no burden on a defendant to prove [an affirmative defense], before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of" that affirmative defense. *Torres*, 766 A.2d at 345 (discussing the affirmative defense of self-

defense). If there is any evidence supporting an affirmative defense, then it is properly before the fact finder. **See id.** The Commonwealth has the burden to disprove a defense of duress beyond a reasonable doubt. **See id.**; **see also Commonwealth v. Morningwake**, 595 A.2d 158, 163 (Pa. Super. 1991), *disapproved of on other grounds by* **DeMarco**, 809 A.2d at 261 n.7. Further, the **Torres** Court stated that "[t]he disbelief of a denial does not, taken alone, afford affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact." **Torres**, 766 A.2d at 345 (citation and quotation marks omitted); **see also id.** (explaining that "[t]he trial court's statement that it did not believe [the defendant's] testimony is no substitute for the proof the Commonwealth was required to provide to disprove the self-defense claim").

Here, the trial court explained:

In the instant case, the evidence and testimony presented during Appellant's trial established that Appellant was an employee or agent at Gaudenzia DRC, a county correctional facility as defined by statute. Likewise, there is no doubt that Fulton was an inmate at that facility and under court supervision when the incident occurred. Finally, Appellant's actions — performing oral sex on Fulton — constituted indecent contact. The fact that Appellant and Fulton ha[d] consensual relations is of no moment.

Accordingly, Appellant's conviction for institutional sexual assault was not against the . . . sufficiency of the evidence.

\* \* \*

Appellant did not testify at trial. Instead, he puts forth the defense of duress by pointing to his statement. Appellant told investigators that he only engaged in sexual relations with Fulton because Fulton threatened to file a false report if Appellant did not perform the sexual act. First, Fulton did not threaten Appellant

- 7 -

with unlawful force, physical harm or injury. The video confirmed as much. Second, the video also demonstrated that Appellant was a willing participant. . . .

Appellant's own statement and the cell phone video, both of which were presented by the Commonwealth, disproved beyond a reasonable doubt any potential claim of duress.

Trial Ct. Op. at 4-6.

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court's conclusions. *See James*, 297 A.3d at 764. As noted previously, in order to establish a defense of duress, there must be evidence that "unlawful force" was used or threatened against the defendant. *See* 18 Pa.C.S. § 309(a). That unlawful force must consist of some form of physical force. *See King*, 57 A.3d at 621-22, 621 n.14; *see also DeMarco*, 809 A.2d at 262 (discussing the factors the finder of fact must consider when determining whether a person of reasonable firmness would not have been able to resist the unlawful force include the defendant's "size or strength or age of health" (citation omitted)). Here, Appellant claims that he acted under duress because Fulton had threatened to make a false report of sexual assault. Contrary to Appellant's arguments, while our Supreme Court recognized that Section 309 is a more liberal standard than the common law test for duress, our Supreme Court has not recognized that a threat to use unlawful force for the purposes Section 309 includes threatening to file a false allegation of sexual assault. *See DeMarco*, 809 A.2d at 261-62 (explaining that the General Assembly abrogated the common law test for duress because it was too difficult for

defendants to meet); ***King***, 57 A.3d at 621 n.14 (noting that duress has been defined in terms of physical coercion).

Further, Appellant has not cited any other authority supporting his claim that Fulton's threat of making a false accusation constitutes unlawful force as used in Section 309. In any event, even if the defense of duress was properly before the fact-finder, the Commonwealth disproved duress beyond a reasonable doubt because the Commonwealth presented evidence establishing that Fulton did not use or threaten to use unlawful force against Appellant. ***See*** 18 Pa.C.S. § 309(a); ***see also Morningwake***, 595 A.2d at 163. For these reasons, we conclude that the evidence is sufficient to sustain Appellant's conviction for institutional sexual assault, and he is not entitled to relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2025