J-S33003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIMITRIUS BASHIR CAMPBELL, | : | |
| | : | |
| Appellant | : | No. 936 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 16, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000737-2024

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 5, 2026**

Dimitrius Bashir Campbell appeals from the judgment of sentence of fifteen to thirty years of imprisonment imposed following his guilty pleas to attempted homicide and conspiracy to do the same.  We affirm in part and vacate in part.

Our prior memorandum set forth the factual and procedural background underlying this appeal.  ***See Commonwealth v. Campbell***, 351 A.3d 231, 2025 WL 3251674 (Pa.Super. 2025) (non-precedential decision).  For present purposes, we observe that Appellant shot Samuel Lebron during a dispute at a bar and was charged with, *inter alia*, attempted homicide of Mr. Lebron.  Notably, the Commonwealth also charged Appellant with conspiracy to commit murder, but the criminal information did not specify whether the victim of the

conspiracy was Mr. Lebron or Tamara Hyman, who had been shot in the arm during the altercation. *See* Information, 4/11/24.

At a subsequent plea proceeding, the Commonwealth proposed that Appellant plead guilty to attempted homicide of Mr. Lebron and conspiracy and, as part of the offer, the Commonwealth would request the court to run whatever the court imposed for each sentence concurrently, cap the minimum sentence of imprisonment at fifteen years, and dismiss the remaining charges. During that hearing, the court specified that the intended victim of the conspiracy was Mr. Lebron, and the parties agreed that Appellant was pleading guilty to attempted murder and conspiracy to commit murder of Mr. Lebron. *See* N.T. Guilty Plea Hearing, 10/28/24, at 26-29. Appellant entered the agreed-upon plea, which the trial court accepted, and sentencing was deferred.

At the sentencing hearing, the Commonwealth confirmed that the intended victim of the conspiracy was Mr. Lebron. *See* N.T. Sentencing, 12/16/24, at 27-28. The court ultimately sentenced Appellant to fifteen to thirty years in prison and specified that "[i]t's the same sentence for both charges." *Id*. at 48. In other words, the court imposed fifteen to thirty years of imprisonment for each conviction, and ran them concurrently in compliance with the plea agreement.

Appellant appealed. Counsel concluded that the appeal was frivolous and filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S.

738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We agreed with counsel that Appellant's complaint that the court abused its discretion in fashioning his sentence was frivolous, but our independent review of the record identified an issue of arguable merit concerning the legality of his sentence. We therefore denied the motion to withdraw and directed Appellant's counsel to file a brief addressing that issue, or a revised **Anders** brief. Both counsel and the Commonwealth have filed substituted briefs on the merits.

Appellant raises the following question:

> Did the trial court impose an illegal sentence as a result of Appellant's pleas of guilty to count one, attempted homicide, and count three, conspiracy, the victim of both offenses being the same person, which was in violation of 18 Pa.C.S. § 906 which prohibits the conviction of a person for two inchoate offenses in the commission of the same crime?

Appellant's brief at 4 (some capitalization, articles, and numerals omitted, citation altered).

This issue concerns the legality of Appellant's sentence. As such, we note:

> The legality of a criminal sentence is non-waivable, and this Court may raise and review an illegal sentence *sua sponte*. Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*. If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated.

**Commonwealth v. Derrickson**, 242 A.3d 667, 673 (Pa.Super. 2020) (cleaned up).

Pursuant to § 906, "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906. Our Supreme Court has clarified "that the term 'convicted' in [§] 906 refers to the entry of a judgment of sentence, not a finding of guilt by the jury." *Commonwealth v. King*, 234 A.3d 549, 570 n.17 (Pa. 2020).

Appellant maintains that the trial court sentenced him in violation of § 906 where it imposed a term of imprisonment for both attempted murder and conspiracy to commit homicide of Mr. Lebron. *See* Appellant's brief at 15. He contends that his only intent was to kill Mr. Lebron, not Ms. Hyman, and therefore both offenses culminated in the commission of the same crime. *Id*. at 13, 15. He also avers that "[w]ithout further proceedings in the [t]rial [c]ourt there is no method to determine which of the judgments of sentence, conspiracy or attempt, should be vacated" and asks this Court to remand for resentencing. *Id*. at 16.

For its part, the Commonwealth agrees that Appellant's sentence violates § 906 and is illegal. *See* Commonwealth's brief at 10. It maintains that, although the information may not have named Mr. Lebron as the intended victim in the conspiracy charge, the trial court made clear that the target of both the attempted murder and conspiracy was Mr. Lebron. *Id*. at 9-10. Therefore, the Commonwealth argues that Appellant's conduct

culminated in the commission of the same crime, and his judgment of sentence runs afoul of § 906. *Id*. at 10. It further agrees with Appellant that this case should be remanded for resentencing because neither attempted murder nor conspiracy to commit homicide is a lesser included offense of the other. *Id*. at 10-11.

Our High Court's disposition in *King* is instructive. There, while riding as a passenger in a car driven by his co-defendant, King shot at the victim at least nine times. She survived but suffered serious injuries. The information revealed that the Commonwealth charged Appellant with, among other crimes, attempted murder and one count of conspiracy based upon two theories: "assault, murder." *King*, 234 A.3d at 568. After a jury found King guilty of all charges, the court sentenced him to consecutive terms of imprisonment for attempted murder and conspiracy to commit aggravated assault, and no further penalty for conspiracy to commit murder. *Id*. at 553.

This Court affirmed King's judgment of sentence as to the conspiracy and attempted murder convictions. *Id*. at 554. On appeal to our High Court, King challenged the "imposition of consecutive sentences for the inchoate crimes of attempted murder and conspiracy." *Id*. at 566. He argued that despite being charged and convicted of both conspiracy to commit murder and conspiracy to commit aggravated assault, there was only one conspiracy to murder the victim. Hence, King contended that his sentence for two inchoate

offenses was illegal as "there was no separate agreement to injure [the victim], plus a separate agreement to kill her." *Id*. at 567.

The High Court clarified that King was not convicted of two conspiracy offenses. *Id*. at 568. Rather,

> the criminal information informed King only that the Commonwealth sought to prove one conspiracy. On its terms, the information alleged that the objective of the conspiracy was to kill, with the conspiracy to commit assault a lesser-included offense that was available to the jury if it found the lack of a specific intent to kill.

*Id*. at 569 n.16. Since the jury found that King had the specific intent to kill the victim, however, the Court stated that conspiracy to commit assault was "subsumed" by conspiracy to commit murder because "a person cannot conspire to kill a targeted individual and not concurrently conspire to commit aggravated assault against the same individual." *Id*. at 569.

Nevertheless, the Court held that "even if [it were to] accept that the jury returned a verdict of conspiracy to commit aggravated assault as existing apart from the conspiracy to commit murder, [§] 906 would still preclude multiple sentences under its plain language." *Id*. at 569. It explained that "King entered into one agreement with his co-conspirator to murder [the victim] and, because he failed in his attempt to do so, King could not be sentenced to serve separate terms for the inchoate crimes of conspiracy and attempt." *Id*. at 568. It concluded that "[b]y enacting [§] 906, the General Assembly declared that where a defendant tries to achieve a result – in this case, murder – but fails to do so, he may only be punished once in the absence

of distinct criminal objectives." *Id*. at 572. Thus, the Court vacated "the judgment of sentence at the conspiracy count" and affirmed the judgment of sentence for attempted murder. *Id*. at 552.

Here, as in *King*, we agree with the parties that Appellant's conduct was "designed to commit or to culminate in the commission of the same crime" where the intended victim of the attempted homicide and conspiracy to commit murder was Mr. Lebron. *See* 18 Pa.C.S. § 906. Therefore, the court imposed an illegal sentence where it issued a term of imprisonment for each of the two inchoate offenses.

As to whether we must remand for resentencing, "[i]f this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing." *Commonwealth v. Lekka*, 210 A.3d 343, 358 (Pa.Super. 2019) (cleaned up). However, "[i]f we determine that a correction by this Court may upset the sentencing scheme envisioned by the sentencing court, the better practice is to remand." *Id*. at 358-59 (cleaned up).

The sentencing court imposed the same term of imprisonment for both attempted murder and conspiracy, which were graded as first-degree felonies, and ran them concurrently. *See* N.T. Sentencing, 12/16/24, at 48-49. In similar scenarios, this Court has vacated the sentence for conspiracy. *See* *King*, 234 A.3d at 552; *Commonwealth v. Rosario*, 248 A.3d 599, 619 (Pa.Super. 2021) (vacating sentence for conspiracy where the court also

imposed a sentence for attempted murder "because [the a]ppellant failed in his attempt to kill the victim" and therefore "could not be sentenced to serve separate terms for the inchoate crimes of conspiracy and attempt" (cleaned up)). Additionally, where the elimination of the conspiracy sentence does not upset the overall sentencing scheme, we have declined to remand for resentencing. *See Commonwealth v. Davis*, 266 A.3d 614, 2021 WL 4617988 (Pa.Super. 2021) (non-precedential decision), *appeal denied*, 275 A.3d 79 (Pa. 2022) (vacating the appellant's sentence for conspiracy to commit murder where the court imposed a concurrent sentence for attempted homicide in violation of § 906, and opting not to remand for resentencing where the disposition did not alter the overall sentencing structure). *See also Commonwealth v. James*, 297 A.3d 755, 770 (Pa.Super. 2023) (stating that it was not necessary to remand for resentencing where we had vacated one of two of the appellant's concurrent sentences because the disposition did not alter the overall sentencing scheme).[1]

_____

[1] The parties appear to rely upon theories governing merger to support their viewpoint that this Court should remand for resentencing. *See* Appellant's brief at 16 (advocating for a remand for resentencing because the inchoate offenses "do not merge"); Commonwealth's brief at 11 (stating that the proper course is to remand for resentencing "because neither attempted murder nor conspiracy to commit homicide are inherently the lesser of the two offenses for which judgment of sentence was imposed"). As *King* held, however, merger principles do not apply to the inchoate offenses outlined in § 906. *See King*, 234 A.3d at 571 ("By enacting [§] 906, the General Assembly has plainly indicated that cumulative punishment for inchoate crimes is specifically prohibited, regardless of whether those crimes would otherwise merge, where

*(Footnote Continued Next Page)*

Accordingly, we vacate Appellant's judgment of sentence for conspiracy to commit murder, but affirm the judgment of sentence for attempted murder. As this does not upset the court's overall sentencing scheme, we need not remand for resentencing. **See Lekka**, 210 A.3d at 358-59.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/5/2026</u>

---

the inchoate crimes involve conduct designed to commit or to culminate in the commission of the same crime." (cleaned up)).