J-S31007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES FAIRCHILD | : | |
| | : | |
| Appellant | : | No. 777 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 18, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001632-2021

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 30, 2023**

Appellant, James Fairchild, appeals *pro se* from the judgment of sentence entered on October 18, 2022, following his jury trial convictions for burglary – overnight accommodations with no person present, criminal trespass, criminal mischief, and theft by unlawful taking – moveable property.[1]  We affirm.

We briefly summarize the facts of this case as follows.  On September 11, 2020, police responded to a burglary investigation at a residence on Harvest Lane in Pocono Summit, Pennsylvania.  The homeowner (hereinafter "the victim") reported that he arrived at the home to find an unfamiliar gray Volkswagen in the driveway.  The victim told police that a male walked toward him from the rear of the home, asked if the home was for sale, and got into

---

[1]  18 Pa.C.S.A. §§ 3502(a)(2), 3503(a)(1)(ii), 3304(a)(5), and 3921(a), respectively.

the Volkswagen and drove away. The victim described the white male as over six feet tall, thin, and "scruffy looking." The victim also gave police the license plate number of the Volkswagen at issue, which was registered to Appellant. Subsequently, the police showed the victim a photograph of Appellant and the victim confirmed it was the man he saw earlier. Upon further inspection of the subject property, the police found a broken basement window and the back door of the residence left open. The basement floor was wet and there were cut copper pipes overhead and sections of cut pipe stacked on the floor. Police also discovered hedge trimmers and an unfamiliar boot print on the basement floor. A garage door left ajar revealed several pieces of broken copper tubing on the floor. Police interviewed Appellant and his wife, and both claimed that Appellant was at their home that day working on their septic tank. The police took a sample of Appellant's DNA and applied for a search warrant for Appellant's home. After the search warrant was served upon Appellant, the police received a telephone call from him. Appellant realized the police recovered hedge trimmers from the victim's property and he explained that he had been missing his hedge trimmers for some time. Appellant sounded nervous because the police took his DNA sample. Appellant further stated that the recovered hedge trimmers were probably his.

On June 28, 2022, a jury convicted Appellant of the aforementioned crimes. On October 18, 2022, the trial court sentenced Appellant to an aggregate sentence of 66 to 180 months of incarceration. Appellant was represented by privately retained counsel from the inception of the case

through sentencing. After imposition of sentence, Appellant requested he be permitted to represent himself *pro se*. Following a colloquy pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), the trial court entered an order on October 20, 2022, which allowed counsel to withdraw, found Appellant knowingly, voluntarily, and intelligently waived his right to counsel, and permitted Appellant to represent himself *pro se*. This timely *pro se* appeal resulted.[2]

_____

[2] The record reveals that Appellant handed his *pro se* post-sentence motion to prison officials on October 24, 2022, which was within 10 days of the imposition of sentence. **See** Pa.R.Crim.P. 720 ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); **see also** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as [of] the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). The trial court held a hearing on February 23, 2023 and denied Appellant's post-sentence motion by order entered on the same day. Appellant filed a timely *pro se* notice of appeal on March 23, 2023. While Appellant purports to appeal from the order denying his post-sentence motion, the appeal properly lies from the judgment of sentence, and we have corrected the caption accordingly. **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). Appellant filed a *pro se* concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on April 10, 2023. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 1, 2023. Appellant subsequently filed a *pro se* brief with this Court and he has not indicated that he wishes to have counsel appointed to represent him on appeal. **See Commonwealth v. Phillips**, 141 A.3d 512, 521 (Pa. Super. 2016) ("[O]nce a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances….").

Of the fifteen issues Appellant presents on direct appeal to this Court, thirteen of them assert ineffective assistance of counsel. *See* Appellant's *Pro Se* Brief, at 2-3. This Court has recently stated:

> Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. Instead, such claims are to be deferred to [Post Conviction Relief Act (PCRA)] review. However, our Supreme Court has recognized three exceptions to the general rule [and] held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; or (2) there is good cause shown, and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. More recently, our Supreme Court adopted a third exception[, applicable in the context of collateral review], which requires [] courts to address claims challenging [PCRA] counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review [such as where a defendant alleges PCRA counsel's ineffectiveness in connection with a first PCRA petition].

*Commonwealth v. James*, 297 A.3d 755, 760–761 (Pa. Super. 2023) (internal citations and quotations omitted; footnote incorporated).

In this case, the trial court denied Appellant's claims of trial counsel ineffectiveness as premature, concluding:

> [T]here is no instance of ineffectiveness or ineffectiveness *per se* that [] is apparent from the record. In addition, this case does not involve or present extraordinary circumstances. Further, [Appellant] did not allege or prove, and the record does not reveal, that the interests of justice require that [Appellant's] ineffectiveness claims be addressed before his direct appeal is decided. Likewise, [Appellant] did not allege or establish, and [the trial court] did not discern, good cause for considering the claims before his judgment of sentence becomes final. Additionally, and

in any event, [Appellant] did not expressly waive the right to pursue a first PCRA petition. Thus, [no] exception applies. Accordingly, [the trial court found it] properly denied [Appellant's] ineffective assistance of counsel claims as premature.

Trial Court Opinion, 5/1/2023, at 4. Based upon our review of the record and applicable law, we agree with the trial court's assessment that Appellant's ineffective assistance of counsel claims should be deferred until collateral review, after his judgment of sentence becomes final.[3]

Appellant's two remaining, inter-related appellate issues are as follows:

Did the Commonwealth violate the Rules of Professional Conduct by using overreaching and reckless statements at closing arguments?

Did the Commonwealth intentionally mislead or misinform the jury [in its] closing arguments?

Appellant's *Pro Se* Brief at 2 (numbers, misspellings, and suggested answers omitted).

Initially, we note that upon review of the trial transcripts, defense counsel did not object to any of the Commonwealth's closing remarks. **See** N.T., 6/28/2022, at 13-20. As such, Appellant waived his challenge to the Commonwealth's closing statements. **See Commonwealth v. Yandamuri**,

---

[3] Moreover, we note that although Appellant sets forth his 13 ineffective assistance of counsel claims in the statement of questions presented section of his appellate brief, he does not develop these claims with legal citations or references to the certified record and we could find them waived for this reason. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007), *citing* Pa.R.A.P. 2119 ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review" and an appellate "brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.").

159 A.3d 503, 528 n.23 (Pa. 2017) (finding challenge to prosecutor's statement during closing argument waived where the appellant failed to demonstrate where in the record he had preserved this claim and the Supreme Court's independent review did not disclose a contemporaneous objection); *see also Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008) (absence of a contemporaneous objection below constituted a waiver of appellant's claim respecting the prosecutor's closing argument); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Additionally, we note that the Commonwealth contends that "Appellant's claims of prosecutorial misconduct should be deemed waived for failure to properly develop the arguments before this Court." Commonwealth's Brief at 4; *see also id.* at 6 ("Appellant cites no relevant law, makes no reference to the record, does not cite specific statements and has simply made a bald assertion of error."). For these reasons, we deem Appellant's appellate issues waived.

Regardless, even if Appellant had properly preserved his claims pertaining to prosecutorial misconduct, we deem them meritless. Appellant apparently challenges the Commonwealth's closing statements pertaining to: the victim twice identifying Appellant as the perpetrator prior to trial, Appellant's height, Appellant's need for money as the motive for his crimes, and that the hedge trimmers recovered at the crime scene belonged to Appellant. *See* N.T., 2/23/2023, at 8-14; *see also* Appellant's *Pro Se* Reply Brief at *1-2 (unpaginated).

We have previously determined:

[W]ith specific reference to a claim of prosecutorial misconduct in a closing statement, it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered. Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict. The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation.

*Commonwealth v. Jaynes*, 135 A.3d 606, 615 (Pa. Super. 2016); *see also Commonwealth v. Bedford*, 50 A.3d 707, 715 (Pa. Super. 2012) (*en banc*) ("Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion.").

Here, the trial court determined that "the statements and arguments [made by the Commonwealth during closing argument] about which [Appellant] complains did not go beyond the admitted evidence and its reasonable inferences, were not deliberate attempts to destroy the objectivity of or inflame the jury, and constituted fair comment on and rebuttal to the

arguments advanced by the defense." Trial Court Opinion, 5/1/2023, at 6. We agree. At trial, defense counsel argued that another person borrowed Appellant's vehicle and was the perpetrator of the crimes at issue. Thus, identification was central to trial and the Commonwealth's closing argument pertained to admitted evidence or reasonable references pertaining to identification. Moreover, the Commonwealth's closing statement regarding Appellant's financial affairs was fair response to defense's closing argument that Appellant's wife lent their vehicle (the vehicle identified by the victim) to a third party for $30.00 during the relevant time period which "is a lot of money when you're a poor farmer." N.T., 6/28/2022, at 9. In closing, the Commonwealth merely responded to Appellant's contentions. Put differently, the Commonwealth simply conveyed its competing theory of the case to the jury, employing permissible inferences and rhetorical flair. Finally, we note that the trial court instructed the jury as follows:

> The speeches and arguments of counsel are not part of the evidence and you should not consider them as such. Nonetheless, in deciding this case you should carefully consider the evidence in light of the various reasons and arguments each lawyer presented. It is the right and the duty of each lawyer to discuss the evidence in a manner that is most favorable to the side that he represents. You may be guided by each lawyers' arguments to the extent they are supported by the evidence, and insofar as they aid you in applying your own reason and common sense. However, you are not required to accept the arguments of either lawyer. It is for you and you alone to decide the case based on the evidence as it was presented from the witness stand and in accordance with the instructions [] give[n]. In this regard counsel will call your attention to evidence they consider material and may ask you to draw certain inferences from that evidence. Please keep in mind however that you are not bound by the attorneys' recollection of

the evidence, it is yours and yours alone that must guide your deliberations. If there is a discrepancy between counsels' recollection and your recollection of the evidence you are bound by your own recollection, nor are you limited to that which is mentioned by either or both of the attorneys. You must consider all the evidence that you believe is material to the issue involved. As to the inferences that counsel asks or may ask you to draw, to the extent such inferences are supported by the evidence and appeal to your reason and judgment, you may consider them in your deliberations. Finally, in their closing arguments the attorneys may call your attention to certain principles of law, please remember however, that you are not bound by any principle of law mentioned by either of the attorneys. You must apply the law on which you were instructed [] and only that law to the facts as you find them.

N.T., 6/28/2022, at 4-5. "The law presumes the jury will follow the instructions of the court." *Commonwealth v. Eichinger*, 108 A.3d 821, 846 (Pa. 2014). For all of the foregoing reasons, we discern no abuse of discretion or error of law in denying Appellant relief on his claims of Commonwealth prosecutorial misconduct during closing arguments.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/30/2023