J-A02015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER M. SPARROW | : | |
| | : | |
| Appellant | : | No. 756 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 24, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001732-2021

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: MARCH 11, 2024**

Appellant Christopher M. Sparrow appeals from the judgment of sentence imposed following his convictions for driving under the influence (DUI) of a Schedule I controlled substance[1] and a related summary offense. Appellant's counsel (Counsel) has filed a petition to withdraw and an **Anders**/**Santiago**[2] brief.  After review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the factual and procedural history of this case as follows:

On October 28, 2020, [] Appellant was operating a motor vehicle in the city of Wilkes-Barre, Luzerne County, when his vehicle collided with a Wilkes-Barre City Police patrol car.  Police observed

---

[1] 75 Pa.C.S. § 3802(d)(1)(i).

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

that [] Appellant demonstrated signs of impairment. [] Appellant's blood was drawn at Geisinger Wyoming Valley Hospital and sent to a laboratory for analysis. The lab results indicated that [] Appellant's blood tested positive for marijuana, a [Schedule I] controlled substance.

A criminal information filed on July 9, 2021, alleged that Appellant "drove, operated or was in actual physical control of the movement of a vehicle when there was in his blood marijuana, a [Schedule I] controlled substance." [The trial court conducted] a non-jury trial on February 27, 2023. After hearing the evidence, [the trial court] found [] Appellant guilty of [DUI] beyond a reasonable doubt.

On April 24, 2023, [the trial court] sentenced [] Appellant to six (6) months in the restrictive probation program with the first ten (10) days to be served subject to home confinement with electronic monitoring.

Trial Ct. Op., 7/21/23, at 1-2 (citations omitted and some formatting altered).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court subsequently issued an opinion addressing Appellant's claim.

Counsel has identified the following issue in the *Anders*/*Santiago* brief:

Did the Commonwealth present sufficient evidence to establish, beyond a reasonable doubt, that [] Appellant committed an offense under 75 Pa.C.S. § 3802(d)(1)(i) in that the amount of the alleged controlled substance was *de minimis*?

*Anders*/*Santiago* Brief at 2 (formatting altered).

"When faced with a purported *Anders*[/*Santiago*] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the

technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an

- 3 -

independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); ***accord Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the ***Anders***/***Santiago*** brief. ***See Goodwin***, 928 A.2d at 290. Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Counsel's ***Anders***/***Santiago*** brief complies with the requirements of ***Santiago***. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. ***See Santiago***, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issue presented in Counsel's ***Anders***/***Santiago*** brief.

The sole issue identified by Counsel is that the evidence was insufficient to sustain Appellant's conviction for DUI of a Schedule I controlled substance. ***Anders***/***Santiago*** Brief at 7. Specifically, Appellant argues that the amount of Delta-9 THC present in his blood at the time he drove, operated, or was in

physical control of a vehicle was *de minimis*. ***Id.*** Appellant further argues that the Commonwealth "failed to prove beyond a reasonable doubt that he was incapable of safely operating his vehicle under [Section] 3802(d)(1)(i)." ***Id.*** at 9.

When reviewing a challenge to the sufficiency of the evidence, we are governed by the following standard:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> In applying the above test, we may not [re]weigh the evidence and substitute our judgment for the fact-finder.

***Commonwealth v. James***, 297 A.3d 755, 764 (Pa. Super. 2023) (citations omitted and formatting altered), *appeal denied*, --- A.3d ---, 362 MAL 2023, 2023 WL 8614241 (Pa. filed Dec. 13, 2023).

The Vehicle Code prohibits individuals from driving, operating, or being "in actual physical control of the movement of a vehicle" with any amount of a Schedule I controlled substance, as defined by the Controlled Substance, Drug, Device and Cosmetic Act, present in the individual's blood. 75 Pa.C.S. § 3802(d)(1)(i). Marijuana is defined as a Schedule I controlled substance. 35 P.S. § 780-104(1)(iv). As this Court has noted, the DUI statute mandates

that "it is illegal to drive with any amount of marijuana, medical or otherwise, in one's system." **Commonwealth v. Whitmire**, 300 A.3d 484, 490-91 (Pa. Super. 2023) (citation and emphasis omitted), *appeal denied*, --- A.3d ---, 202 WAL 2023, 2024 WL 92130 (Pa. filed Jan. 9, 2024). To obtain a conviction under Section 3802(d)(1)(i), the Commonwealth need only prove beyond a reasonable doubt that the defendant had **any** amount of a specifically enumerated controlled substance in his or her blood; proof of a defendant's impairment at the time of driving is not required. **Commonwealth v. Hutchins**, 42 A.3d 302, 310 (Pa. Super. 2012).

In the instant case, the Commonwealth presented evidence establishing that Appellant was driving a vehicle when he was involved in a motor vehicle accident on October 28, 2020. **See** N.T. Trial, 2/27/23, at 6-7, 10-11. Following the accident, Appellant was taken to Geisinger-Wyoming Valley Hospital and a blood draw was completed. **Id.** at 12-13. The Commonwealth then presented evidence that six nanograms per milliliter of Delta-9 THC—the active component of marijuana—was present in Appellant's blood. **Id.** at 29.

Based on this record, we conclude that the Commonwealth presented sufficient evidence to warrant a conviction under Section 3802(d)(1). **See James**, 297 A.3d at 764. As noted above, the Commonwealth was not required to establish that Appellant was impaired; rather, the Commonwealth was only required to establish beyond a reasonable doubt that marijuana was present in Appellant's blood. **See** 75 Pa.C.S. § 3802(d)(1)(i); **Whitmire**, 300 A.3d at 490-91; **Hutchins**, 42 A.3d at 310.

For these reasons, we agree with Counsel's assessment that the claim presented in the ***Anders***/***Santiago*** brief is frivolous. Further, our independent review of the record does not reveal any additional, non-frivolous issues. ***See Flowers***, 113 A.3d at 1250; ***see also Goodwin***, 928 A.2d at 291. For these reasons, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>03/11/2024</u>