J-S08021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAIQWON LASHAD PRESTON | : | |
| | : | |
| Appellant | : | No. 1299 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 14, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001911-2019

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:         **FILED: MARCH 21, 2024**

Jaiqwon Lashad Preston (Appellant) appeals, *nunc pro tunc*, from the judgment of sentence[1] imposed after a jury convicted him of one count each of robbery, conspiracy to commit robbery, criminal use of a communication facility (CUCF), and recklessly endangering another person (REAP).[2] We affirm.

The trial court recounted the underlying facts and procedural history:

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the October 20, 2021, order denying his post-sentence motions. However, this appeal "properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have corrected the caption accordingly.

[2] **See** 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 903(a), 7512, and 2705.

On March 15, 2019, Robert Appleby, a detective with the Lower Swatara Police Department, filed a criminal complaint charging Appellant with one (1) count of robbery[], one (1) count of aggravated assault, one (1) count of criminal conspiracy [to commit robbery], one (1) count of [CUCF], one (1) count of [REAP], and one (1) count of criminal mischief. These charges stemmed from an incident that occurred on October 23, 2018.

Following a trial by jury before the Honorable Richard Lewis on September 13-14, 2021, Appellant was convicted of robbery[], conspiracy to commit robbery[], [CUCF,] and [REAP]; the charges of aggravated assault and criminal mischief were withdrawn.

….

At Appellant's trial, Meria Mowrer testified that she was best friends and living with Kaitlyn Aston when she met Appellant, around August of 2018. N.T., 9/13/23, 25-28. [Ms. Mowrer] explained that when she met Appellant, he and Ms. Aston were in an intimate relationship. *Id.* at 32….

Ms. Mowrer explained that on [October 20, 2018], Ms. Aston made arrangements[,] through a site called OfferUp, to sell two women's watches to Zohar Ghobrini [(the victim)]. *Id.* [Ms. Mower and Ms. Aston] met [the victim] at a McDonald's parking lot[,] where [the victim] paid Ms. Aston cash for the watches. *Id.* at 38-40. Around a day later, Ms. Mowrer made arrangements to sell an item to [the victim], and the two women drove in Ms. Mowrer's car to meet [the victim] at a Turkey Hill convenience store. *Id.* at 41-42. Ms. Mowrer got out of her car and walked to the back of [the victim's] car to execute the sale. *Id.* It was then that Ms. Mowrer saw [the victim] take cash from a bag in his trunk. *Id.* Ms. Mowrer gave [the victim] her cell phone number [to facilitate direct purchases without the use of OfferUp]. *Id.* at 44. A few days later, Ms. Mowrer suggested to Ms. Aston that they rob [the victim]. *Id.* at 45.

Ms. Aston informed [the victim] that they had another item to sell him…. *Id.* at 47. They [ultimately arranged to meet the victim] at 481 Stoner Drive in Middletown. *Id.* This location was an abandoned road that had an abandoned farmhouse, where the women were waiting for [the victim], along with the Appellant and an individual named "Ant" or "Anthony." *Id.* at 47-48. It was Ms. Aston who suggested the Appellant be involved[,] and Ms. Mowrer

agreed that he would be the "muscle." ***Id.*** at 48-49. The women positioned themselves, and the Appellant and "Ant" hid while they waited for [the victim] to arrive. ***Id.*** Ms. Mowrer explained that the plan was for the women to text the Appellant when it was "time" and that he would rough [the victim] up. ***Id.***

[Ms. Mowrer, Ms. Aston, and the victim] went to the back of [the victim's] trunk where he had the money, and … Appellant tackled [the victim]. ***Id.*** at 58. The back windshield of the car shattered, and [the victim] fell to the ground[,] where the Appellant kicked him twice. ***Id.*** at 57. [Ms. Mowrer, Ms. Aston, and Appellant] then took cell phones out of the middle console of the car, a carton of cigarettes, and the bag of money out of the trunk and left. ***Id.*** at 58-61. Ms. Mowrer testified that the point of the plan was to take the bag of money in the trunk of the car. ***Id.*** at 63.

Trial Court Opinion, 11/16/23, at 1-6 (record citations modified; footnotes omitted).

On September 14, 2021, the trial court sentenced Appellant to an aggregate 4 to 10 years in prison. Appellant filed a timely post-sentence motion, which the trial court denied on October 20, 2021.

Following the denial of his post-sentence motion, Appellant applied for the services of the Dauphin County Public Defender's Office.[3] On November 15, 2021, public defender counsel filed a petition for appointment of outside counsel, alleging a conflict of interest. Petition for Appointment of Counsel, 11/15/21, at 1 (unpaginated). The trial court granted the petition and appointed new counsel the same day.

---

[3] The certified record does not disclose whether trial counsel formally withdrew her appearance.

- 3 -

Appointed counsel filed a motion to withdraw on April 12, 2022, acknowledging he failed to timely file a requested notice of appeal. Appointed counsel further indicated this failure required Appellant to file a Post Conviction Relief Act (PCRA)[4] petition for reinstatement of his direct appeal rights. Motion to Withdraw, 4/12/22, at 1 (unpaginated). On May 2, 2022, the trial court granted counsel's motion. On October 24, 2022, Appellant filed a *pro se* PCRA petition seeking reinstatement of his direct appeal rights. The trial court reinstated Appellant's direct appeal rights on August 26, 2023, and the instant *nunc pro tunc* appeal followed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

> Appellant presents the following issues for review:
>
> 1. Whether the trial court erred as a matter of law and/or abused its discretion in denying [Appellant's] challenge to the sufficiency of the evidence presented at trial to sustain a conviction.
>
> 2. Whether the trial court erred as a matter of law and/or abused its discretion in denying [Appellant's] challenge to the weight of the evidence regarding [Appellant's] conviction.
>
> 3. Whether the trial court erred as a matter of law and/or abused its discretion in denying [Appellant's] request for a reconsideration and/or modification of sentence to have counts 1 and 3 run concurrent to each other, rather than consecutive.

Appellant's Brief at 5 (issues numbered and reordered; capitalization modified).

---

[4] 42 Pa.C.S.A. §§ 9541-9546.

In his first issue, Appellant purports to challenge the sufficiency of the evidence. *See id.* at 17. Appellant argues there was no evidence he "assaulted" the victim, and maintains the evidence presented "leaves room for reasonable doubt that another individual involved in the incident was the one who assaulted the victim…." *Id.* at 18-19.

Initially, we address whether Appellant preserved his sufficiency claim. In his court-ordered Pa.R.A.P. 1925(b) concise statement, Appellant challenged the "sufficiency of the evidence presented at trial to sustain his conviction, as set forth in [Appellant's post-sentence motion]." 1925(b) Statement, 9/17/23, at 1 (unpaginated). However, Appellant failed to identify which of his convictions he wished to challenge, and which elements were not supported by sufficient evidence. *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) ("In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient."). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (citation omitted). As Appellant has failed to properly preserve his sufficiency challenge, his first issue is waived.

Even if Appellant had preserved his sufficiency claim, we would conclude his claim lacks merit. The standard of review for sufficiency challenges is well-settled:

> Faced with such a challenge, an appellate court should determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to allow the fact finder to conclude that the Commonwealth established the challenged criminal element of the offense beyond a reasonable doubt.

*Commonwealth v. Stevenson*, 283 A.3d 196, 205 n.3 (Pa. 2023). "[T]he Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence[.]" *Commonwealth v. Yandamuri*, 159 A.3d 503, 514 (Pa. 2017) (citation omitted). Further, "[t]his Court may not substitute its judgment for that of the factfinder. If the record contains support for the verdict, it may not be disturbed." *Commonwealth v. McFarland*, 278 A.3d 369, 381 (Pa. Super. 2022) (quotation omitted).

In challenging whether the Commonwealth proved he had "assaulted" the victim, *see* Appellant's Brief at 18, Appellant ostensibly challenges the sufficiency of the evidence underlying his robbery conviction. The Crimes Code provides in relevant part:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:

> \* \* \*

> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury.

18 Pa.C.S.A. § 3701(a)(1)(iv). "Thus, a conviction for robbery pursuant to subsection 3701(a)(1)(iv) requires the Commonwealth to establish that a defendant inflicted bodily injury upon another, or intentionally put him (or her) in fear of immediate bodily injury, while in the course of committing a theft." ***Commonwealth v. Jenkins***, 96 A.3d 1055, 1061 (Pa. Super. 2014) (citation and quotation marks omitted).

The trial court addressed Appellant's challenge to the sufficiency of the evidence as follows:

> [The victim] testified that during the robbery he felt something hit his back and he fell to the ground. Although he did not see Appellant tackle him, Ms. Aston specifically testified that she was startled when Appellant made physical contact with [the victim] during the robbery. [Ms. Mowrer and Ms. Aston] also both testified that [the victim] was on the ground when they fled the scene of the robbery. Because the evidence presented established that [the victim] was physically assaulted during the robbery, and the jury accepted the testimony of Ms. Aston and Ms. Mowrer that Appellant was the perpetrator of the assault, his conviction is supported by the evidence.

Trial Court Opinion, 11/16/23, at 10-11.

The record amply supports the reasoning of the trial court. When viewed in the light most favorable to the Commonwealth as the verdict winner, ***see Stevenson***, ***supra***, we agree the evidence established that Appellant inflicted bodily injury on the victim in the course of a theft. ***See*** N.T., 9/13/21, at 58, 59, 60, 127; N.T., 9/14/21, at 163-64, 285. Accordingly, even if properly preserved, Appellant's first claim lacks merit.

In his second issue, Appellant contends the verdict was against the weight of the evidence.[5] Appellant argues that 1) the Commonwealth did not offer evidence corroborating Ms. Mowrer's testimony that she observed Appellant assault the victim, and 2) Ms. Mowrer's "version of the assault is not consistent with the testimony of the victim of the assault, who state[d] he was hit with something." Appellant's Brief at 20-22.

Our standard of review concerning challenges to the weight of the evidence is well-settled:

> A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact finder. Rather, a new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Where, as here, the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> One of the least assailable reasons for granting or denying a new trial is the lower court's determination that the verdict was or was not against the weight of the evidence and that new process was or was not dictated by the interests of justice. Thus, only where the facts and inferences disclose a **palpable abuse of discretion** will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal.

---

[5] Appellant preserved this claim in a timely filed post-sentence motion and his court-ordered Rule 1925(b) concise statement.

*Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (internal citations and quotation omitted; emphasis in original). Further, "the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses[.]" *Commonwealth v. James*, 297 A.3d 755, 768 (Pa. Super. 2023) (quotation omitted).

> Addressing Appellant's weight claim, the trial court opined:

> Appellant asserts that the Commonwealth failed to present any evidence to corroborate Ms. Mowrer's testimony that Appellant tackled [the victim], challenging the weight that was afforded her testimony. … [T]he jury determined that Ms. Mowrer's testimony, that Appellant tackled [the victim] during the robbery, was credible. Additionally, Ms. Aston testified that Appellant made physical contact with [the victim] during the robbery. Finally[, the victim] testified that he felt something hit his back during the robbery, which caused him to fall to the ground. Because the jury's verdict was not contrary to the evidence, there is no[] merit in Appellant's argument that the verdict was against the weight of the evidence.

Trial Court Opinion, 11/16/23, at 11-12.

Our review of the record discloses no abuse of discretion by the trial court in rejecting Appellant's weight claim. The jury was free to credit Ms. Mowrer's eye-witness testimony, and to reject Appellant's defense theory. *See James*, 297 A.3d at 768. As Appellant has failed to demonstrate the trial court "palpably abused its discretion," his second claim is without merit. *See Morales*, 91 A.3d at 91.

In his final issue, Appellant challenges the discretionary aspects of his sentence. There is no absolute right to challenge the discretionary aspects of

a sentence on appeal. ***Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test[.] We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Appellant filed a timely notice of appeal, preserved his sentencing challenge in his post-sentence motion, and included in his brief a separate Pa.R.A.P. 2119(f) statement. We thus consider whether Appellant presents a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011). "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. King***, 182 A.3d 449, 454 (Pa. Super. 2018) (citation omitted).

Appellant argues the trial court's decision to sentence him consecutively on his robbery and conspiracy to commit robbery convictions "appears upon

- 10 -

its face to be[] an excessive level in light of the criminal conduct at issue[.]" Appellant's Brief at 15 (quoting *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)). He maintains Ms. Mowrer and Ms. Aston were the primary bad actors, and that he played a "minor" role in the conspiracy. *Id.* at 16. Appellant raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (holding "an argument that articulates reasons why consecutive sentences in a particular case are unreasonable or clearly unreasonable" may raise a substantial question). Accordingly, Appellant has properly invoked this Court's jurisdiction. *See Moury*, 992 A.2d at 170.

Our standard of review is well-settled:

> An appellate court will not disturb the sentencing court's judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, "a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008). To demonstrate that the sentencing court abused its discretion, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). "As long as the trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed." *Id.* at 1018–19.

*Commonwealth v. Morgan*, 258 A.3d 1147, 1157 (Pa. Super. 2021).

Instantly, the trial court imposed consecutive standard-range[6] sentences for robbery and conspiracy to commit robbery, for an aggregate 4 to 10 years in prison. The trial court imposed concurrent sentences on Appellant's remaining charges. Although the trial court afforded Appellant the opportunity to delay sentencing, he elected to proceed with sentencing immediately following the jury's verdict. *See* N.T., 9/14/21, at 360. The trial court set forth the following reasons for its sentence:

> Well, [Appellant], … I did hear the facts. I'm sure for the … victim in this case it was a pretty scary episode, obviously, to have that type of attack at night in an isolated place, and a situation where he didn't even see it coming. And then you're standing there with two prior robbery convictions, doesn't send a good message. Plus[,] the details from this case showed that the robbery and the conspiracy were, in a sense, two different scenarios really. The agreement, the planning to set this up, the surveillance on the appropriate location shows it wasn't spontaneous. It was thought out, at least for a half of a day anyway, maybe not anything longer than that, but, nevertheless, enough time for planning and consideration and so forth. So I regard it as two separate crimes, obviously. And it really could justify a consecutive sentence for them.
>
> The witness who testified to all of this[, Ms. Mowrer], who essentially broke the case against [you], one might say, already received a 3-year sentence. And I realize that was for the aggravated assault charge, but under the evidence in this case, she didn't actually commit the assault. She was part of the process for that assault to have occurred. So she would be technically guilty of the assault, and I understand that part of it, but she did not commit the assault.

---

[6] There is no dispute Appellant's sentence fell within the standard range of the sentencing guidelines.

*Id.* at 369-70.

We discern no abuse of discretion by the trial court in crafting Appellant's consecutive, standard-range aggregate sentence. ***See Moury***, 992 A.2d at 171 (stating "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"); ***see also Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2018) ("Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences" (citation omitted)); ***Commonwealth v. Raven***, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (holding defendant's standard range sentences were not excessive where the "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing."). Our review of the record discloses the trial court appropriately weighed the sentencing guidelines with the specific facts of the case and Appellant's character. ***Morgan***, 258 A.3d at 1157. Accordingly, Appellant's final claim merits no relief.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/21/2024