J-S19027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAQUAWN BASHIRI KING | : | |
| | : | |
| Appellant | : | No. 1661 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 24, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001487-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: JUNE 4, 2024**

Daquawn Bashiri King appeals from the judgment of sentence entered following his convictions for violations of the Controlled Substance, Drug, Device and Cosmetic Act and his plea of *nolo contendere* to violations of the Uniform Firearms Act. King has submitted a *pro se* request for the appointment of new counsel. King's counsel ("Counsel") has submitted an **Anders**[1] brief and Motion to Withdraw. We deny King's *pro se* motion, grant Counsel's motion, and affirm the judgment of sentence.

According to the affidavit of probable cause, a police officer on patrol came across an incorrectly parked vehicle that was still running and had its lights on. The officer saw that there was a silver handgun sitting in the center console. King exited a nearby building and admitted that he had been driving

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

the vehicle but denied that the firearm belonged to him. King consented to a search of the vehicle, and the officer recovered several marijuana cigarettes, two marijuana grinders, and two white wax baggies containing a white powdery substance. *See* Affidavit, 7/3/20, at 1.

Following a trial, the jury found King guilty of possession of a controlled substance (fentanyl) and possession of drug paraphernalia.[2] The court found King guilty of possession of a small amount of marijuana.[3] However, the jury was deadlocked on two other charges: persons not to possess firearms, and firearms not to be carried without a license.[4] The court declared a mistrial on the firearms charges. On the date of the rescheduled trial, King entered a plea of *nolo contendere* to those charges, as part of a plea agreement. The court sentenced him to an aggregate term of seven to 15 years' incarceration, in accordance with the plea agreement. King did not file any post-sentence motions but filed a notice of appeal.

King's previous appellate counsel filed several defective motions to withdraw. We denied these motions and remanded the case on September 19, 2023, December 1, 2023, and January 22, 2024, with the latter order directing the trial court to appoint new counsel. In the interim, on January 11, 2024, King submitted a *pro se* response to this Court, requesting the appointment

---

[2] 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

[3] 35 P.S. § 780-113(a)(31)(i).

[4] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), respectively.

of new counsel. As we subsequently remanded the matter for the appointment of new counsel, we hereby deny King's *pro se* motion as moot.

The court appointed Counsel on January 24, 2024. Counsel filed a statement of her intent to file an ***Anders*** brief. ***See*** Pa.R.A.P. 1925(c)(4). She appended to her statement some of the documents King sent to her and to his previous counsel in support of his appeal.

Before assessing the appeal on the merits, we must pass on Counsel's request to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Counsel seeking to withdraw pursuant to ***Anders*** must author a brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). In addition to filing an ***Anders*** brief, counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Counsel has complied with the foregoing requirements. Her ***Anders*** brief provides a procedural history of the case, with citations to the record; sets forth King's desire to withdraw his plea of *nolo contendere*; and explains her legal conclusion that, following her review of King's claim and the case file, the appeal is wholly frivolous. Counsel attached to her motion to withdraw the letter she sent to King advising him of his immediate right to proceed *pro se* or through new counsel and enclosing both a copy of her motion and the ***Anders*** brief. We therefore turn to our own review of the case to determine whether the appeal is wholly frivolous. ***Goodwin***, 928 A.2d at 291.

The ***Anders*** brief identifies a sole issue: "Whether [King's] *nolo contendere* plea was knowing, voluntary, intelligent, and understanding at the time of entry of [the] plea?" ***Anders*** Br. at 4.

Although Counsel rejects this issue on the merits, we find it frivolous because it is waived, as King did not move to withdraw his plea in the trial court. ***See Commonwealth v. Moore***, 307 A.3d 95, 99 (Pa.Super. 2023) (stating that failure to either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing waives on appeal challenge to the plea).

King has not filed any response to Counsel's motion to withdraw and the ***Anders*** brief, despite Counsel having advised King of his immediate right to raise additional issues to this Court *pro se* or with the assistance of other counsel. Still, we glean from the *pro se* documents that Counsel attached to her Rule 1925(c)(4) statement that King wanted appellate review of the

- 4 -

following claims: (1) ineffective assistance of trial counsel for his having failed to move for suppression, (2) ineffective assistance of trial counsel for his having failed to object to certain trial testimony, (3) ineffective assistance of trial counsel for his having failed to consult with King to discuss strategy, (4) ineffective assistance of trial counsel for his having advised King to enter a plea, and (5) ineffective assistance of trial counsel for his having refused King's same-day request to file a motion to withdraw his plea. *See* Pa.R.A.P. 1925(c)(4) statement, 2/22/24, Ex. A, at 1-2.

"Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal." *Commonwealth v. James*, 297 A.3d 755, 760 (Pa.Super.), *appeal denied*, 309 A.3d 691 (Pa. 2023). "Instead, such claims are to be deferred to [Post Conviction Relief Act ("PCRA")] review." *Id.* There are three exceptions: (1) where "there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice"; (2) where "there is good cause shown, and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence;" and (3) "where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Id.* at 761 (internal quotation marks omitted).[5]

---

[5] In the PCRA context, a petitioner may raise claims of a first PCRA counsel's ineffectiveness on direct appeal if that is the earliest opportunity to do so. *See James*, 297 A.3d at 761 n.3. Although King is represented by new counsel, this is not an appeal from the denial of PCRA relief. *See id.*

None of these exceptions apply to King's instant ineffectiveness claims. None of these claims are obviously meritorious on the face of the record, King has not waived his right to seek PCRA relief, and he is not statutorily precluded from filing a timely PCRA petition. We therefore have no basis on which to engage in review of his ineffectiveness claims on direct appeal.

After an independent review of the record, we perceive no issue that contradicts Counsel's conclusion that the appeal is wholly frivolous. We therefore grant Counsel's request to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Motion to withdraw granted. *Pro se* motion for new counsel denied.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/04/2024