J-S16032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICAH SHAUN COLBERT | : | |
| | : | |
| Appellant | : | No. 2610 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 24, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004189-2021

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 20, 2024**

Appellant, Micah Shaun Colbert, appeals from the judgment of sentence entered by the Court of Common Pleas of Montgomery County after Appellant pleaded guilty pursuant to a negotiated plea deal offered by the Commonwealth. Herein, Appellant seeks direct review of his ineffective assistance of counsel claim leveled against guilty plea counsel. Because appropriate merits review of Appellant's ineffectiveness issue requires an evidentiary hearing under the PCRA statutory scheme, we affirm judgment of sentence.

The trial court frames the present appeal before us and sets forth the relevant facts and procedural history, as follows:

Appellant, Micah Colbert, files this appeal *nunc pro tunc* from his judgment of sentence imposed on March 24, 2022. Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

direct appeal rights were reinstated on September 6, 2023, pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, after [] finding a per se ineffectiveness of appellate counsel for failing to file a docketing statement in Appellant's original direct appeal, resulting [in] its dismissal at Pennsylvania Superior Court docket number 1076 EDA 2022.

Appellant entered into a negotiated guilty plea on March 24, 2022, and in this direct appeal Appellant asserts that his claim of a defective guilty plea colloquy should not be waived on appeal despite it not having been preserved pursuant to Pa.R.Crim.P. 720(B), reasoning that guilty plea counsel joined in with the Commonwealth in presenting insufficient facts to establish the required factual basis for the plea [pertaining to the charges of transfer of firearms and conspiracy to commit the same] and it would have been inconsistent for counsel to "change his mind" and file a motion challenging the plea 10 days later. Appellant also asserts on appeal that guilty plea counsel's ineffectiveness is apparent from the record for advising Appellant to plead guilty when there was insufficient evidence to prove guilt beyond a reasonable doubt to all the transfer of firearms charges and conspiracy to transfer.

. . .

On March 24, 2022, Appellant entered into a negotiated guilty plea to voluntary manslaughter, two counts of sale or transfer of firearms, and two counts of criminal conspiracy to engage in the sale or transfer of firearms. Pursuant to the negotiated agreement, Colbert was sentenced to an aggregate term of 15 to 30 years' imprisonment. An on-the-record colloquy was conducted. At the time of the plea, Appellant was 19 years old. (N.T., Negotiated Guilty Plea, 3/24/22, p.5). [The trial court confirmed Appellant's ability to understand the proceedings and the plea he was entering.] *Id*. [Appellant] acknowledged that he was there to plead to the charges that were set forth by the Commonwealth and the sentence that would be imposed. *Id.* at 3-4, 5-6. Appellant agreed that counsel explained to him what the Commonwealth would have to prove to establish each offense he was pleading to, and he understood what counsel explained. *Id.* at 6.

Appellant had reviewed a written guilty plea colloquy with counsel, and [he] initialed it and signed it. *Id.* at 6-7. Appellant

understood all of the information contained in the written guilty colloquy. *Id.* at 7. . . . Appellant stated he was satisfied with counsel's representation and had no questions for counsel. *Id*.

. . .

The Commonwealth set forth the factual basis as follows:

On Saturday, July 10th, 2021, you [Appellant] agreed with Dorian Harris that you would receive a Glock 9 – millimeter, semiautomatic handgun from Dorian Harris, who was the lawful owner of the gun. And on that same day, you took possession of that handgun from Dorian Haris at his residence, at 221 West Greenfield Avenue, Ardmore, Lower Merion Township, Montgomery County.

Also on Saturday, July 10, 2021, you agreed with Layth Evans that you would purchase a handgun from Evans. Later on that same day, you went to meet Layth Evans for the purpose of buying the handgun from him.

Your friend, Elijah Smith, agreed to accompany you, to be your backup and/or lookout for the gun purchase.

The meeting occurred at approximately 3 o'clock p.m. inside Mr. Evans' Nissan Maxima, which was parked near 122 Ardmore Avenue, in Ardmore, Lower Merion Township, Montgomery County. You went to this meeting with $500 in cash for the purchase of the gun, and you were armed with Dorian Harris's Glock 9-millimeter handgun.

During the meeting, Evans was seated in the driver's seat of his car, and you were seated in the front passenger seat. During the meeting you intentionally fired one shot from Harris's handgun that struck Mr. Evans in the face. Layth Evans died from that gunshot wound.

At the time of the shooting, you believed that you wee acting in self-defense; however, that belief was based

on an incorrect assumption ad, thus, was legally not reasonable.

After the shooting , you ran from Evans' car, carrying Harris's Glock handgun and the handgun that you had planned to purchase from Layth Evans.

The $500 cash was later found by the police inside Mr. Evans' car.

*Id.* at 9-11.

The Commonwealth reviewed the permissible range of sentences and fines for each offense to which Appellant was pleading guilty. *Id.* at 11-12, 13. Appellant [indicated he] understood all of this. *Id.* at 12. . . . [The plea court] accepted Appellant's guilty plea and sentenced him to the agreed-to sentence. *Id.* at 14. No post-sentence motions were filed.

Appellant filed a *pro se* notice of appeal. . . . A concise statement order was issued on May 13, 2022, to which counsel filed a statement of intent to withdraw pursuant to Pa.R.A.P. 1925(c)(4) citing his intention to file an *Anders* brief as there were no non-frivolous issues to raise. . . . Counsel also stated that the only basis for an appeal would be for [Appellant] to aver that [counsel] was ineffective, and that counsel cannot raise his own ineffectiveness; therefore, he should be removed as appellate counsel and new counsel be appointed. . . . Counsel was never granted withdrawal. On August 19, 2022, the Superior Court dismissed Appellant's direct appeal based upon counsel's failure to [file an appellate brief pursuant to Pa.R.A.P. 3517].

On April 7, 2023, Appellant filed a first PCRA petition and counsel was appointed. PCRA counsel filed an Amended PCRA petition alleging . . . ineffectiveness of trial counsel in failing to object at the guilty plea to an allegedly defective factual basis for the conspiracy to transfer firearms offenses. [The PCRA court] reviewed the petition and directed an amendment, namely, to raise the issue of ineffectiveness of [direct appeal] counsel in failing to file a docketing statement which resulted in the dismissal of the direct appeal. PCRA counsel amended the amended petition, reiterating his original claims and asserting the ineffectiveness claim [the PCRA court] cited.

- 4 -

On August 30, 2023, the Commonwealth filed an Answer stating it did not oppose the reinstatement of direct appeal rights and addressing the substance of the ineffectiveness claim regarding the factual basis of the guilty plea raised by PCRA counsel. On September 5, 2023, the [PCRA] court reinstated Appellant's direct appeal rights.[] A timely notice of appeal was filed on September 26, 2023.

Trial Court Opinion, at 1-6.

Appellant raises the following question for this Court's consideration:

Was [plea] counsel's ineffectiveness so apparent from the record and meritorious, where [plea] counsel advised [Appellant] to plead guilty when there was insufficient evidence presented at the guilty plea to establish guilt beyond a reasonable doubt to the transfer of firearms charges and conspiracy to transfer firearms?

Brief of Appellant, at 2.

As stated, Appellant's counseled argument alleges plea counsel ineffectively caused him to enter an invalid negotiated guilty plea to voluntary manslaughter, two counts of sale or transfer of firearms, and two counts of conspiracy in exchange for the Commonwealth's agreement to drop an open homicide charge comprising, *inter alia*, charges of first-degree murder and third-degree murder for his unprovoked, point-blank range, lethal shooting of the victim in the face based on his unreasonable apprehension of harm. Specifically, he claims that the colloquy of facts accompanying the plea failed to support the sale or transfer of firearms charges and the conspiracy charges with respect to the required element in each that the defendant sold, delivered, or transferred the firearms. Instead, Appellant maintains, the colloquy described Appellant only as the purchaser or transferee of firearms.

Initially, we address the Commonwealth's response asserting that Appellant raises his ineffective assistance of counsel claim prematurely on direct appeal. This Court has summarized the appropriateness of reviewing ineffective assistance allegations on direct appeal as follows:

> Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (2013). Instead, such claims are to be deferred to PCRA review. However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and [the claims are] "meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. More recently, our Supreme Court adopted a third exception, which requires trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*Commonwealth v. James*, 297 A.3d 755, 760-61 (Pa. Super. 2023) (cleaned up) (bracketed language added).

For its part, the Commonwealth challenges the present direct appeal on several bases. First, it contends that Appellant fails to so much as reproduce the Sale or Transfer of Firearms and Criminal Conspiracy statutes in the Brief of Appellant, let alone offer a discussion supported by authority in support of its position that the statutes do not apply to Appellant as a transferee under the facts as alleged at the plea colloquy. For this reason, alone, the Commonwealth maintains, this Court should either decline to review

Appellant's ineffective assistance of counsel claim on direct appeal or find Appellant failed to establish that his ineffectiveness claim has arguable merit. *See* Brief of Appellant, at 11.

Second, the Commonwealth argues that even if this Court were to find Appellant's argument sufficient to enable meaningful appellate review, we should conclude that exceptional circumstances as required under *Holmes* to permit ineffectiveness claims for review on direct appeal are not present. Specifically, it maintains, Appellant has not shown that plea counsel's ineffectiveness was "apparent" or that his claim asserting such ineffectiveness invalidated his guilty plea of ineffectiveness is "meritorious", where counsel had a reasonable basis to recommend accepting a favorable plea offer in which the Commonwealth, in exchange for Appellant's plea of guilty, agreed to withdraw the two most serious charges of first-degree murder and third-degree murder, each carrying terms of punishment significantly longer than the negotiated aggregate sentence imposed.

After review of the certified record and party briefs, we find that none of the *Holmes* exceptions are applicable here. Given both the lack of advocacy on the scope of the sale or transfer of firearms and conspiracy statutes at issue[1] and the absence of an evidentiary hearing addressing the

_____

[1] *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) ("[i]t is well-established that when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof") (internal quotation marks and brackets omitted).

plea consultations between counsel and Appellant, the present record is insufficient for direct review of the ineffective assistance of counsel claim before us. Particularly lacking are the extent to which consultation with counsel enabled Appellant to understand the nature and implications of his plea regarding the charges now at issue and the reasons for plea counsel's decision to recommend pleading guilty to the sale and transfer of firearms and conspiracy charges in exchange for the withdrawal of the first-degree and third-degree murder charges. As such, the present claims are to be deferred to PCRA review, as none of the exceptions that our Supreme Court recognized in **Holmes** are applicable here.

Accordingly, we affirm judgment of sentence without prejudice to Appellant to raise an ineffective assistance of plea counsel claim in a PCRA petition.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024