J-S30013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT THOMAS KULA | : | |
| | : | |
| Appellant | : | No. 839 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 7, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000372-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT THOMAS KULA | : | |
| | : | |
| Appellant | : | No. 3009 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 7, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002234-2022

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 19, 2025**

In this consolidated appeal,[1] Appellant, Scott Thomas Kula, appeals

from the February 7, 2024 judgments of sentence entered in the Court of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In a December 24, 2024 *per curiam* order, this Court consolidated Appellant's appeals filed with this Court at docket numbers 839 EDA 2004 and 3009 EDA 2024.

Common Pleas of Northampton County after Appellant pleaded guilty to three counts of harassment at trial court docket CP-48-CR-0000372-2023 ("Case 372") and one count of driving under the influence of alcohol or controlled substance – incapable of safely driving ("DUI") at trial court docket CP-48-CR-0002234-2022 ("Case 2234").[2,3]  We affirm.

_____

[2] 18 Pa.C.S.A. § 2709(a)(4) and 75 Pa.C.S.A. § 3802(a)(1), respectively.

[3] At the time Appellant entered his guilty pleas in Case 372 and Case 2234, Appellant also entered a guilty plea in a third case (trial court docket CP-48-CR-0002304-2022 ("Case 2304")), to one count of driving while operating privilege is suspended or revoked (DUI related) – 3rd or subsequent violation.  75 Pa.C.S.A. § 1543.  Appellant did not appeal the judgment of sentence imposed in Case 2304.

In Case 372, at each of the three harassment convictions, the trial court sentenced Appellant to 3 months' probation with each individual sentence set to run concurrently with the other sentences imposed for harassment. Appellant was also ordered to pay $150.00 in restitution.

In Case 2234, the trial court sentenced Appellant to three days to six months' incarceration with credit for time served, ordered Appellant to pay a fine of $1,000.00, and suspended his license for 12 months.

In Case 2304, the trial court sentenced Appellant to six to 12 months' incarceration with credit for time served, directed that Appellant's operating privileges be suspended for a period of 12 months, and ordered Appellant to pay a $2,500.00 fine.

The aggregate sentence of 3 months' probation imposed in Case 372 was set to run concurrently with the term of incarceration imposed in Case 2234.  The sentence imposed in Case 2234 was set to run concurrently with the sentences imposed in Case 372 and Case 2304.

As noted, Appellant was awarded credit for time served, which resulted in Appellant's immediate release to inpatient care.  ***See*** Sentencing Order,

On February 7, 2024, Appellant pleaded guilty to the aforementioned criminal charges, and, that same day, the trial court sentenced Appellant, as detailed *supra*.[4] Appellant did not file a post-sentence motion.

On February 26, 2024, Appellant filed *pro se* a document titled "Petition: Appeal Sentence Passed Down," which referenced Case 372 and Case 2234. The trial court deemed Appellant's petition to be a notice of appeal, challenging the judgments of sentence entered in Case 372 and Case 2234.

On March 5, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court advised Appellant that the failure to file a Rule 1925(b) statement may be considered a waiver of all issues on appeal.[5] Trial Court Order, 3/5/24. As such, Appellant had until March 26, 2024, to file a timely Rule 1925(b) statement.

_____

2/7/24 (directing that Appellant be released "directly to impatient treatment").

[4] At the time Appellant entered his guilty pleas and received his sentences, he was represented by Theodore Skaarup, Esquire ("Attorney Skaarup").

[5] Rule 1925(b)(3) of the Rules of Appellate Procedure mandates that certain matters be included in the trial court's order directing an appellant to file a statement of errors complained of on appeal. One of the mandated requirements is that the order state that "any issue not properly included in the Statement timely filed and served . . . **shall** be deemed waived." Pa.R.A.P. 1925(b)(3)(iv) (emphasis added). In this case, the trial court's 1925(b) order stated that "failure to comply [with the order] **may** be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained of, pursuant to 42 Pa.C.S. § 1925(b)." Order, 3/5/24

On March 12, 2025, Attorney Skaarup filed a motion to withdraw from his representation of Appellant, which the trial court granted on March 27, 2024, after the expiration of time in which to file a timely Rule 1925(b) statement. Ultimately, Appellant did not file a Rule 1925(b) concise statement. On April 19, 2024, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

1. Whether Appellant's [guilty] plea[s were] knowing and voluntarily?

2. Whether plea counsel [(Attorney Skaarup)] was ineffective?

Appellant's Brief at 8.[6]

Preliminarily, we examine the procedural posture of the case to determine whether, or not, Appellant's claims are waived due to his failure to file a Rule 1925(b) statement. The filing of a Rule 1925(b) statement when ordered to do so is a "prerequisite to appellate merits review" and is "elemental to an effective perfection of the appeal." *Commonwealth v. Halley*, 870 A.2d 795, 800 (Pa. 2005). Ordinarily, the failure to file a

_____

(emphasis added). We caution the trial court to comply strictly with the mandates of Rule 1925(b)(3).

[6] In a May 23, 2024 *per curiam* order, this Court remanded the case to allow the trial court to conduct a hearing, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), to determine the status of Appellant's representation and whether, or not, Appellant properly waived the appointment of counsel. On July 3, 2024, the trial court conducted a *Grazier* hearing and, upon conclusion of the hearing, appointed Brian M. Monahan, Esquire ("Attorney Monahan") to represent Appellant for purpose of direct appeal.

court-ordered 1925(b) statement results in a waiver of all issues on appeal. Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (explaining that, Rule 1925(b) is a bright-line rule that obligates an appellant to file and serve a Rule 1925(b) statement when ordered to do so, and any claims not raised in a court-ordered 1925(b) statement will be waived). "This Court has held[, however,] that both the complete failure to file the 1925(b) statement and the untimely filing of a 1925(b) statement [are] *per se* ineffectiveness because [both acts are undertaken] without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." *Commonwealth v. Baldassano*, 330 A.3d 1255, 1259 (Pa. Super. 2025) (citation and ellipsis omitted). While the failure to file a Rule 1925(b) statement (or the untimely filing of a Rule 1915(b) statement) may, under certain circumstances, result in a remand of the case,[7] when the trial court notes in its Rule 1925(a) opinion the failure to

_____

[7] Rule 1925(c)(3) provides that

> If an appellant represented by counsel in a criminal case was ordered to file and serve a [Rule 1925(b) statement] and either failed to do so, or untimely filed or served a [concise statement], such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a [Rule 1925(b) statement] *nunc pro tunc*, and the preparation and filing of [a Rule 1925(a)] opinion by the [trial court].

Pa.R.A.P. 1925(c)(3).

file a concise statement but proceeds to address the issues the appellant seeks to raise on appeal, we may address the merits of the issues provided that the certified record is adequate to permit a meaningful and effective appellate review. ***Baldassano***, 330 A.3d at 1259.

Here, Attorney Skaarup represented Appellant during the 21-day period in which Appellant was required to file a 1925(b) statement and was not permitted to withdraw his representation until after the expiration of the 21-day period. We find that counsel was *per se* ineffective in failing to file a 1925(b) statement on behalf of Appellant. ***Baldassano***, 330 A.3d at 1259. Although the trial court notes the failure to file a Rule 1925(b) statement in its Rule 1925(a) opinion, the trial court, nonetheless, addressed the issues that Appellant now seeks to raise on appeal. Because the certified record allows for a meaningful and thoughtful review of the claims, we proceed to review the merits of Appellant's appeal.

In his first issue, Appellant challenges the validity of his guilty pleas on the ground that the pleas were not entered into intelligently, knowingly, and voluntarily. Appellant's Brief at 8-10. In particular, Appellant asserts that he was forced to accept the guilty pleas "in order to receive proper medical care for [his] terminal bone cancer." Notice of Appeal, 2/26/24, at 1.

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his [or her] right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super.

- 6 -

2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). "A defendant wishing to challenge the [validity] of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Id.* at 609-610, *citing* Pa.R.Crim.P. 720(A)(1) and (B)(1)(a)(i). "Failure to employ either measure results in waiver." *Lincoln*, 72 A.3d at 610 (citation omitted). "Historically, Pennsylvania courts adhere to this waiver principle because it is for the [trial] court[,] which accepted the [guilty] plea[,] to consider and correct, in the first instance, any error which may have been committed." *Id.* (citation, internal quotations, and brackets omitted); *see also* Pa.R.A.P. 302(a) (issues not preserved in the trial court may not be pursued before this Court).

A review of the record reveals that Appellant did not object during the plea colloquy or file a post-sentence motion seeking to withdraw his guilty pleas. *See generally*, N.T., 2/7/24. Therefore, Appellant failed to preserve his claim on direct appeal that his guilty pleas were not intelligent, knowing, and voluntary, and he may not raise this claim for the first time on appeal. *Lincoln*, 72 A.3d at 611; *see also* Pa.R.A.P. 302.

In his second issue, Appellant asserts that his plea counsel, Attorney Skaarup, was ineffective in failing "to file a petition for deferment of sentence due to [an] illness of a terminal nature." Appellant's Brief at 8, 10.

> Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, [] 79 A.3d 562, 577-[5]80 ([Pa.] 2013). Instead, such claims are to be deferred to [collateral] review [in a petition filed pursuant to the Post Conviction Relief

- 7 -

Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]. *Id.* However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, [our Supreme] Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, [] 183 A.3d 352, 361 ([Pa.] 2018).

*Commonwealth v. James*, 297 A.3d 755, 760-761 (Pa. Super. 2023), *appeal denied*, 309 A.3d 691 (Pa. 2023).[8]

Here, the trial court noted that Appellant's ineffectiveness claim is not apparent from the record or meritorious, and the claim does not rise to the level of requiring immediate consideration in the interest of justice. Trial Court Opinion, 4/19/24, at 3 (unpaginated) (stating, "[t]here is nothing in the record to suggest that [Appellant's plea] counsel was ineffective, and that issue is

_____

[8] As noted by this Court in *James*, *supra*, "there is an additional circumstance in which a defendant may raise an ineffectiveness claim outside of a PCRA petition. This occurs where a defendant alleges PCRA counsel's ineffectiveness in connection with a first PCRA petition. In that situation, the defendant may challenge PCRA counsel's ineffectiveness at the first opportunity, even if on appeal. *See Commonwealth v. Bradley*, [] 261 A.3d 381, 405 ([Pa.] 2021)." *James*, 297 A.3d at 761 n.3. Here, Appellant does not raise his ineffectiveness claim within the context of a PCRA petition and has not been represented by PCRA counsel. Therefore, *Bradley* is inapplicable to Appellant's case, which is on direct appeal.

reserved for any timely filed PCRA petition").[9]  Moreover, in his appellate brief, Appellant offers no basis for consideration of his ineffectiveness claim on direct appeal.  **See generally**, Appellant's Brief at 10.  Therefore, we discern no error of law or abuse of discretion in the trial court's decision to forgo consideration of Appellant's ineffectiveness claim on direct appeal.  Appellant's claim of ineffectiveness is barred on direct appeal without prejudice to seek relief through collateral review.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2025

---

[9] Additionally, there is no record support that Appellant knowingly and expressly waived his entitlement to seek collateral review or that he is statutorily precluded from obtaining subsequent PCRA review.